**Constance Bolin YOUNG, Appellant,**

v.

**William Kelly YOUNG, Appellee.**

**No. 05–88–00686–CV.**

Court of Appeals of Texas, Dallas.

Dec. 1, 1988.

---

Jo Lynne Merrill and Paul M. Rothermel, Jr., Dallas, for appellant.

Ralph H. Duggins, Ft. Worth, for appellee.

Before WHITHAM, BAKER and KINKEADE, JJ.

KINKEADE, Justice.

Constance B. Young appeals from two default orders entered by the trial court pursuant to William K. Young's motion to clarify and enforce a divorce decree previously entered between the parties. In eleven points of error, Ms. Young argues that: 1) she had no notice of the hearing on the orders; 2) the order that she pay a sum to Mr. Young constituted a de facto contempt judgment without due process; the court substantively modified the divorce decree regarding 3) her use of monthly payments from Mr. Young, 4) her possessory rights to the house, and 5) the definition of the term "furniture" as used in the divorce decree; the court erred in appointing a receiver for undivided property because 6) there was no evidence that the property was in danger, 7) a less harsh remedy was available, 8) the receiver was appointed without bond, 9) the property would not be adequately protected without bond, and 10) the receiver was to be compensated prior to the completion of his duties; and 11) the court erred in authorizing Mr. Young to remove an exhibit from the court's custody. We overrule these points and affirm the trial court's judgment. We further conclude that this appeal has been taken for delay and without sufficient cause. Consequently, we assess damages against Ms. Young as provided by rule 84 of the Texas Rules of Appellate Procedure and render judgment in favor of Mr. Young for the amount of those damages.

The Youngs were divorced in 1986 with Ms. Young taking custody of their minor children. The divorce decree incorporated an agreed property settlement which was to end, "once and for all," the litigation between the parties. Their property settlement expressly left much of the parties' household furnishings, worth approximately $2 million, to be divided later. The settlement agreement also provided for the appointment of a receiver in the event that the parties could not agree on a property division themselves. As of the date of this appeal, Ms. Young has refused to cooperate in any division of the furnishings. Ms. Young received possession of their Fort Worth house; Mr. Young was to pay $10,-000.00 each month to Ms. Young as a loan, ostensibly to maintain the Fort Worth house in which Mr. Young still had an interest.

Mr. Young discovered that Ms. Young had let the condition of the Fort Worth house deteriorate. Concerned about the decline of the value of the house, he presented a motion to the trial court to direct Ms. Young to use the monthly $10,-000.00 loans to maintain the house and landscape in "first class condition." He also moved to have a receiver appointed to divide the furnishings in the house, as provided for in the divorce decree.

The divorce decree named Ms. Young as managing conservator of their two young children. Mr. Young was required to pay $8,000.00 a month in support for each child, plus schooling, medical expenses, insurance, clothing and travel. In 1987, Ms. Young enrolled her son in a private school in Fort Worth and sent the tuition bill for $1,814.28 to Mr. Young, who paid the full amount. Before the school year began, Ms. Young and the children moved to New York City without notifying Mr. Young. She enrolled the same child in another school there. Mr. Young then paid the tuition for the New York City school. The Fort Worth school refused to refund Mr. Young's money because his refund request was not timely due to Ms. Young's late decision to relocate. Ms. Young also refused to reimburse Mr. Young for his expense caused by her failure to notify him of the move to New York City. Mr. Young moved the trial court to order that $1,814.28 for the Fort Worth school bill be

deducted from his next monthly payment of $10,000.00 to Ms. Young.

Throughout the trial and the hearing on Mr. Young's motion to clarify, Ms. Young changed lawyers numerous times. Her attorney of record on May 2, 1988 agreed to postpone the hearing on the motion to clarify until May 12, 1988. However, on May 12, 1988, a new attorney appeared for Ms. Young at the hearing to request a continuance. When the continuance was denied, Ms. Young's lawyer chose to leave the courtroom and the hearing continued in his absence. At the May 12, 1988 hearing, the court ordered Ms. Young to maintain the Forth Worth house properly, to render an accounting of the funds so used, and to allow Mr. Young access to the house for one hour each month for inspection purposes. The court appointed a receiver to inventory and value the household furnishings and suggest a division. The court also ordered that $1,814.28 be deducted from the next $10,000 monthly loan from Mr. Young.

■ Ms. Young now complains that she did not have proper notice of the May 12th hearing. Her complaint that her due process rights were violated because she had no notice of the May 12, 1988 hearing is wholly without merit. Rule 120 of the Texas Rules of Civil Procedure in part states:

> The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court.

Ms. Young's own attorney made an appearance at the hearing and asked for a continuance, thereby waiving any complaint of improper notice. *See Carter v. G & L Tool Co. of Utah, Inc.,* 428 S.W.2d 677, 681 (Tex.Civ.App.—San Antonio 1968, no writ). Therefore, the trial court did not violate the requirements of due process by issuing its orders of May 12, 1988. We overrule the first and second points of error.

■ Ms. Young complains that the trial court substantively modified the terms of the divorce decree by ordering that she use the $10,000.00 monthly payments from Mr. Young for maintenance of the Fort Worth house and that she render an accounting of those monies. She also argues that by allowing Mr. Young access to the house for one hour a month for inspection purposes, the trial court substantively modified her possessory rights to the house.

The court has broad powers to enforce its decrees of divorce. TEX.FAM.CODE ANN. § 3.70 *et seq.* (Vernon 1975). Ms. Young had, prior to the hearing, refused to abide by the terms of the divorce decree. She had allowed the condition of the Fort Worth house to deteriorate, although Mr. Young paid her a substantial sum for its upkeep. We do not view the trial court's orders as substantive modifications, but rather as means to enforce the parties' rights under the divorce decree. *See Smith v. Smith,* 595 S.W.2d 631 (Tex.Civ. App.—Fort Worth 1980, no writ). The orders are manifestly reasonable in light of the facts of this case. We therefore overrule the third and fourth points of error.

■ Ms. Young contends that the trial court substantively modified the divorce decree by expanding the term "Furniture at Various Locations" [sic] as used in the divorce decree. The "Furniture" was to be divided between the parties by agreement. That language in the divorce decree was part of an incorporated property settlement agreed to by the parties, which was expressly to end the litigation between them. The property settlement shows that the parties intended to divide all of their property so that no further litigation would be needed. Furthermore, the divorce decree states that "Furniture" includes moveable furniture, paintings and antiques. The court order in question defines "furniture" to include "china, silverware, crystal, antiques, lithographs, paintings and other items of personalty ..." The definition of furniture in the divorce decree was illustrative, not all-inclusive. In light of the clear intent of the parties to divide all their property by the divorce decree, we find that the trial court's order was merely an interpretation of the term "Furniture" that clarified and enforced the divorce decree. *See Able v. Able,* 725 S.W.2d 778 (Tex.App.— Houston [14th Dist.] 1987, writ ref'd n.r.e.). The fifth point of error is overruled.

In her sixth, seventh, eighth, ninth and tenth points of error, Ms. Young attacks the appointment of a receiver to aid in the division of the "furniture." She contends that under TEX.CIV. & REM. CODE ANN. § 64.001(b) (Vernon 1988), the court may appoint a receiver only if the property was in danger of being lost, removed or injured. It is established that TEX.FAM.CODE ANN. § 3.63 (Vernon Supp.1988) controls the division of property on divorce, not the statute upon which Ms. Young relies. *Ramsey v. Oliver*, 246 S.W. 2d 332 (Tex.Civ.App.—Dallas 1952, no writ). The court has broad powers to enlist the aid of a receiver in order to effectuate its orders and judgments. *Elliott v. Elliott*, 422 S.W.2d 757 (Tex.Civ.App.—Fort Worth 1967, writ dism'd w.o.j.). The appointment of a receiver is left to the discretion of the trial court. *Sloan v. Sloan*, 474 S.W.2d 272 (Tex.Civ.App.—Waco 1971, no writ). We find no abuse of discretion in appointing a receiver in this case; therefore we overrule points six and seven.

When the trial court appoints a receiver in a divorce case, it may, at its discretion, dispense with the necessity of a bond. TEX.R.CIV.P. 695a; *Gunther v. Gunther*, 283 S.W.2d 826 (Tex.Civ.App.—Dallas 1955, writ dism'd w.o.j.). We find no abuse of discretion in the trial court's waiver of bond for the receiver in this case. We overrule points eight and nine.

The matter of a receiver's compensation is within the discretion of the trial court. *Archer v. Ross*, 262 S.W.2d 213 (Tex.Civ.App.—Fort Worth 1953, no writ). We find that the trial court did not abuse its discretion in ordering that the receiver in this case be paid monthly rather than in a lump sum after he completed his duties. Point of error ten is overruled.

In her eleventh point of error, Ms. Young contends that the trial court erred in allowing Mr. Young to remove one of her exhibits in the divorce trial, an appraisal of the parties' Fort Worth house, from the court's custody. In fact, the court authorized the receiver, as an officer of the court, to take the appraisal as an aid in inventorying the property. The divorce tri-

al has been final for over one year and no appeal has been taken. We find no harm in the court's action. We overrule the eleventh point of error.

After careful review of the entire record in this case, we have concluded that Ms. Young has prosecuted this appeal for delay and without sufficient cause. Ms. Young deliberately interfered with Mr. Young's efforts to carry out the provisions of the divorce decree, including the property settlement to which Ms. Young agreed. She clogged the judicial process with delays and now claims that she was damaged thereby. She has raised points of error which are wholly without merit, upon which she had no hope of prevailing. Such spurious litigation which unnecessarily burdens the parties and the courts should not go unsanctioned.

Rule 84 of the Texas Rules of Appellate Procedure authorizes damages to be awarded to the prevailing appellee when an appeal has been taken for delay only. The delay damages shall be:

> an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. [If] there is no amount awarded to the prevailing appellee as money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.

TEX.R.APP.P. 84.

Ms. Young's appeal in this case is so frivolous that even an award to Mr. Young as great as ten times the total costs would be less than fair. However, because damages were awarded by the trial court, the Rule limits the possible award to a lesser sum. Accordingly, we assess against Ms. Young $181.43, which is ten percent of the amount of damages awarded to Mr. Young by the trial court. *Dallas City Appraisal Dist. v. The Leaves, Inc.*, 742 S.W.2d 424, 431 (Tex.App.—Dallas 1987, writ denied). The judgment of the trial court is affirmed. We render judgment in favor of Mr. Young and against Ms. Young in the sum of

$181.43 together with interest thereon at the rate of 10% per annum from the date of this opinion.[1]

**1.** Computation of judgment rate by the consumer credit commissioner for month of December, 1988, 13 Tex.Reg. 5993 (1988), pursuant to TEX. REV.CIV.STAT.ANN. art. 5069–1.05, § 2 (Vernon Supp.1988). The contents of the Texas Register are to be judicially noticed and constitute prima facie evidence of the text of the documents published in the Register and of the fact that they are in effect on and after the date of the notation. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 4(c) (Vernon Supp.1988).