**Constance Bolin YOUNG, Appellant,**

v.

**William Kelly YOUNG, Appellee.**

No. 05–90–00942–CV.

Court of Appeals of Texas, Dallas.

June 5, 1991.

Rehearing Overruled July 8, 1991.

Jo Lynne Merrill, Dallas, for appellant.

Ralph H. Duggins, Fort Worth, for appellee.

Before BAKER, LAGARDE and MALONEY, JJ.

## OPINION

BAKER, Justice.

Texas family law casebooks will refer to this case as *Old v. Old* before the litigation ends. Constance Bolin Young filed for divorce in 1982. The trial court entered a decree of divorce incorporating the parties' settlement agreement on November 3, 1986. It entered an order clarifying and enforcing the final decree on April 16, 1990. Ms. Young appeals the clarifying order. In six points of error, she contends the trial court erred in: (1) determining that the decree is a final judgment; (2) determining that property the parties acquired after November 3, 1986, is the separate property of each; (3) awarding only non-income-producing property to her; and (4) its division of personalty between the parties. We overrule these points. We affirm the trial court's judgment. We conclude Ms. Young took this appeal for delay and with no cause. We assess damages against her as provided by rule 84 of the Texas Rules of Appellate Procedure. We render judgment for Mr. Young.

## FACTS

We set out the facts of this divorce case in our opinion on an earlier appeal. *See Young v. Young*, 765 S.W.2d 440, 442–43 (Tex.App.—Dallas 1988, no writ). The dispute in that appeal centered on a paragraph in the decree that awarded the parties' furniture to each by a division in kind to be made by the parties. This provision recited that if they did not agree, either party could seek appointment of a receiver to make the division. The decree explicitly provided that the right to apply for appointment of the receiver did not affect the finality of the judgment and decree. The

parties could not agree. Mr. Young sought an order appointing a receiver. In the earlier appeal, Ms. Young disputed the validity of the trial court's appointment of the receiver. We held that the trial court's appointment of the receiver enforced the decree. *Young*, 765 S.W.2d at 443.

The case continued in the trial court. The parties submitted sworn inventories. The receiver appraised the furniture. He made a recommendation for division to the trial court. The dollar values of the personalty that the receiver recommended the trial court set aside to each party were equal. Mr. Young asked the trial court to adopt the receiver's recommendation. The trial court adopted the receiver's recommendations.

## THE STANDARD OF REVIEW

Ms. Young argues the standard of review we apply is whether the division of the personalty is just and right, having due regard for the rights of each party and any children of the marriage. *See* TEX.FAM. CODE ANN. § 3.91 (Vernon Supp.1991). The order is not a section 3.91 division of undivided assets. The order is a clarification under section 3.72 of the Family Code. *See* TEX.FAM.CODE ANN. § 3.72 (Vernon Supp. 1991). A clarification order must only be consistent with the prior judgment. A clarification order is consistent if it merely enforces by appropriate order the controlling settlement agreement. *See Cluck v. Cluck*, 699 S.W.2d 246, 251 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Broad discretion vests in the trial court in enforcing its judgments. TEX.R.CIV.P. 308; *see Reynolds v. Harrison*, 635 S.W.2d 845, 847 (Tex. App.—Tyler 1982, writ ref'd n.r.e.); *see also Various Opportunities, Inc. v. Sullivan Inv., Inc.*, 677 S.W.2d 115, 120 (Tex. App.—Dallas 1984, no writ).

## THE LAW OF THE CASE

In her first point of error, Ms. Young contends the trial court erred in finding the decree is a final judgment. She argues the furniture division provision makes the decree inherently interlocutory. In her third and fourth points, she contends that because the decree was not final, the trial court could only have divided the furniture with reference to the earlier division

of the remaining marital estate. She argues the trial court should have considered the rights of the parties and the children so the division would be just and right. In her fifth point, she alleges the trial court erred in finding the parties' property acquired after November 3, 1986, to be each party's respective separate property. In her sixth point of error, she contends the trial court erred in the division of property in the decree. She argues the trial court's award of only non-income-producing property to her was not just and right.

Appellant seeks to relitigate the finality of the November 3, 1986, decree. We effectively disposed of that issue against appellant when we upheld the trial court's appointment of a receiver to recommend a division of the personalty. We said: "We do not view the trial court's orders as substantive modifications, but rather as means to enforce the parties' rights under the divorce decree." *Young,* 765 S.W.2d at 443. We determined that the decree was final. We do not again pass upon matters which the parties presented to us or which we directly passed upon or effectively disposed of on a former appeal. *Beckham v. City Wide Air Conditioning Co.,* 695 S.W.2d 660, 662 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We decline to relitigate the issue of finality. We overrule appellant's first, third, fourth, fifth, and sixth points of error.

## THE DIVISION OF THE PERSONALTY

In her second point of error, appellant contends the trial court erred in dividing the furniture equally. She argues the trial court based its equal division by value of the property on no evidence or insufficient evidence of the parties' intentions.

The agreement that the trial court incorporated into the decree binds the parties to accept the receiver's recommended division of the furniture if they did not agree to a division. They did not agree. The trial court adopted the receiver's recommendation in all material respects. We find the trial court's order merely enforced the parties' agreement. *Young,* 765 S.W.2d at 443. We hold the trial court did not abuse its discretion in ordering an equal division of the personalty.

## RULE 84 SANCTIONS

We conclude appellant has prosecuted yet another appeal for delay and without sufficient cause. We sanctioned her the last time. *Young,* 765 S.W.2d at 444. We do so again. The order from which appellant appealed awarded no money damages to Mr. Young. We may award to Mr. Young an amount up to ten times the total taxable costs as damages for delay. TEX.R.APP.P. 84. We have examined the cost record for this case. Costs totaling $3,487.95 have accrued since the date of our earlier opinion. We render judgment of $34,879.50 for Mr. Young and against Ms. Young, together with interest at ten percent per annum from the date of this opinion.[1]

---

1. Computation of judgment rate by the consumer credit commissioner for the month of May 1991, 16 Tex.Reg. 2486 (May 3, 1991), pursuant to TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 2 (Vernon Supp.1991). We judicially notice the contents of the Texas Register. The published judgment rate is prima facie evidence of the rate and of the fact it is in effect on and after the date noted. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 4(c) (Vernon Supp.1991).