Anna Lorraine MAGALLANEZ a/k/a Anna Lorraine Holguin, Appellant,

v.

Robert MAGALLANEZ and Robert A. Duran as Trustee for Robert Magallanez, Appellees.

No. 08–94–00137–CV.

Court of Appeals of Texas, El Paso.

Aug. 17, 1995.

---

1. Former TEX.R.CIV.P. 434 was repealed by Supreme Court order dated April 10, 1986.

William J. Mounce, Steven L. Hughes, Mounce & Galatzan, El Paso, for appellant.

Robert A. Duran, El Paso, for appellees.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an accelerated interlocutory appeal from the denial of a temporary injunction brought pursuant to TEX.CIV.PRAC. & REM. CODE ANN. § 51.014(4) (Vernon Supp.1995). Appellant brings one point of error alleging that a lien in favor of her former husband is violative of provisions of the Texas Constitution. We affirm with modifications.

## I. SUMMARY OF THE EVIDENCE

Appellant Anna Lorraine Magallanez ("Anna") was divorced from Appellee Robert Magallanez in 1988. The Final Decree of Divorce provided in pertinent part:

[Anna] is awarded the following as [Anna's] sole and separate property, and [Robert] is divested of all right, title, interest, and claim in and to such property:

1. The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, warranties and service contracts, and title and closing documents:

143 Vista Del Sol, Lot 24, an addition to El Paso County, Texas also known as 1837 Mike Hill.

[Anna] is awarded exclusive use and possession of the property and all equity except for $14,000.00 which is to be paid to [Robert] if and when [Anna] remarries, JASON MAGALLANEZ reaches the age of 18, [Anna] abandons property for longer than 90 days or [Anna] sells the property. If the property appreciates from its present value of $75,000.00 then [Robert] is to receive amounts in addition to the $14,000.00 in proportion to the percentage of appreciation (i.e., if property has appreciated at the time of sale by 10%, then [Robert] receives $14,000.00 plus 10% of $14,000.00 or a total of $15,400.00).

Additionally, Anna executed a promissory note in the amount of $14,000 payable, without interest, on the same contingencies listed in the Final Decree of Divorce. Finally, Anna executed a Deed of Trust against the home securing the promissory note. Jason Magallanez, Anna and Robert's youngest child, turned eighteen years of age, and Robert sought payment of the $14,000 awarded him contingent on that occurrence. When Anna told Robert she had no money to pay him, he sought foreclosure on the home by virtue of the Deed of Trust. Anna sought a temporary injunction against the foreclosure, alleging that the debt was not yet payable by the terms of the Final Decree of Divorce, that no Deed of Trust was called for in the Final Decree of Divorce, and the Final Decree of Divorce was ambiguous. The request for a temporary injunction was denied. Anna now brings this appeal contending that the Deed of Trust lien is invalid under the Texas Constitution, and that the Final Decree of Divorce did not award Robert an equitable lien in his favor against the home.

## II. DISCUSSION

### Equitable Vendor's Lien

Anna claims that the trial court has abused its discretion in refusing to enjoin Robert from foreclosing on her homestead pursuant to the Deed of Trust. She further states that the lien established by the Deed of Trust is invalid under the Texas Constitution and that the prior divorce decree did not establish an equitable lien in Robert's favor.

 A trial court may divide property in a divorce in a manner that the court deems just and right, having due regard for the rights of each party and any children of the

marriage. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981); TEX.FAM.CODE ANN. 3.63 (Vernon Supp.1995). A trial court has the ability to award the community homestead to the appellant and to require the appellee to execute a general warranty deed conveying to the appellant any interest in the community property. See *Ex parte McKinley,* 578 S.W.2d 437, 438 (Tex.Civ.App.—Houston [1st Dist.] 1979, orig. proceeding). The court also has the ability to require that the appellant compensate the appellee for any community interest in the property and to provide that this be accomplished by means of a deferred payment. *Ex parte McKinley,* 578 S.W.2d at 438. In the instant case, the court awarded Anna the community property, i.e., the house on 1837 Mike Hill, subject to Robert's $14,000 in equity. Anna took out a $14,000 promissory note, due immediately upon the occurrence of certain conditions, one of which was Jason Magallanez turning eighteen.[1]

The Texas Constitution specifically protects homesteads from forced sales except to satisfy liens securing purchase money, tax, or home improvement debts. TEX. CONST. art. XVI, § 50; TEX.PROP.CODE ANN. § 41.002 (Vernon Supp.1995). Anna claims that as her homestead, Robert is precluded from foreclosing upon the house under the Texas Constitution. We disagree.

It is well established that a divorce court may impose an equitable lien against community property to secure one spouse's obligation to pay a monetary award that represents the consideration for the other spouse's relinquishment of his or her interest in the marital estate. *Bell v. Bell,* 540 S.W.2d 432, 441 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writt).

▮▮▮▮ In the case at bar, an equitable vendor's lien arose. A vendor's lien is a lien for purchase money. *McGoodwin v. McGoodwin,* 671 S.W.2d 880 (Tex.1984). When no express lien is reserved in a deed and the purchase money is not paid, a lien nevertheless arises by implication in favor of the

vendor to secure payment of the purchase money. *McGoodwin,* 671 S.W.2d at 882. The vendor's lien then may be enforced to secure the purchase money. *Id.* at 882. In *McGoodwin,* the parties entered into a property settlement agreement where the ex-husband received his ex-wife's one-half interest in their twenty-two acres of land. In exchange for the conveyance, the ex-wife was to receive $22,500. *McGoodwin,* 671 S.W.2d at 881. The ex-husband did not pay her and claimed the land as his homestead. The ex-wife filed suit and the Texas Supreme Court eventually heard the case. In ruling in favor of the ex-wife, the Supreme Court held that where there is no express lien in a deed and when purchase money is not paid, an enforceable vendor's lien arises. *McGoodwin,* 671 S.W.2d at 882.

A subsequent case factually closer to the instant case is *Colquette v. Forbes,* 680 S.W.2d 536, 537 (Tex.App.—Austin 1984, no writ). In *Colquette,* the ex-wife executed a promissory note due in five years or upon the occurrence of certain conditions in exchange for the ex-husband's interest in their home. *Colquette,* 680 S.W.2d at 537. No express lien was created to secure the note. When one of these conditions occurred, the amount became due and the husband sued. *Id.* at 537–38. The court cited *McGoodwin* and held that an implied vendor's lien arose in favor of the ex-husband to secure the note. *Colquette,* 680 S.W.2d at 538.

▮▮▮ Similarly, in our case Robert was ordered to convey his interest in the community property in exchange for the $14,000 note. Anna secured the note by signing a deed of trust. A deed of trust formalizes the equitable lien, which would allow for prompt enforcement in case of default. *Mullins v. Mullins,* 785 S.W.2d 5, 11 (Tex.App.—Fort Worth 1990, no writ); *see Buchan v. Buchan,* 592 S.W.2d 367, 371 (Tex.Civ.App.—Tyler 1979, writ dism'd).

As noted earlier, one of among the four conditions which would render the note due

---

1. Property possessed by either spouse during or on dissolution of marriage is presumed to be community property unless defeated by clear and convincing evidence that the homestead was her separate property. TEX.FAM.CODE ANN. § 5.02 (Vernon Supp.1995); *see McKinley v. McKinley,* 496 S.W.2d 540, 543 (Tex.1973). The record does not show any evidence that the house was Anna's own, separate property.

was Jason Magallanez reaching eighteen years of age. When Jason Magallanez turned eighteen, the $14,000 note became due, but Anna could not pay. The $14,000 in purchase money was not paid at the time of the divorce decree and was not paid at the time that the purchase money became due. The *McGoodwin* Court, in citing *White, Smith, & Baldwin v. Downs*, 40 Tex. 225, 231 (1874), noted that "[the vendor's] lien arose by implication, as a natural equity creating a constructive trust in the vendee, that he should not keep the estate of another without paying for it." *McGoodwin*, at 882. Applying *McGoodwin* to the instant case, we find that a vendor's lien arose in Robert's favor against the interest in the house that he had "sold."

The vendor's lien, however, is only against the interest sold to the debtor and it is only that interest that can be foreclosed upon to satisfy the claim, in the present case, $14,000. *Laster v. First Huntsville Properties Co.*, 826 S.W.2d 125 (Tex.1992); *McGoodwin*, 671 S.W.2d at 882. Anna had the option to prevent foreclosure by complying with the divorce decree by paying the promissory note awarded to Robert. *See Buchan v. Buchan* 592 S.W.2d 367, 371 (Tex.1979). Since she failed to exercise that option, Robert is entitled to foreclosure pursuant to the equitable vendor's lien.

### Trial Court's Discretion in not Granting Injunction

Appellant contends that the trial court abused its discretion in **not** granting the injunction against foreclosure. A trial judge has broad discretion to grant or deny an application for a temporary injunction when the pleadings and the evidence show a probable right of recovery in the applicant and a probable injury to her if the temporary injunction is not granted. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968); *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961). A necessary corollary of that rule is that the trial court abuses its discretion if it grants a temporary injunction when the evidence fails to provide a reasonable basis for concluding that the applicants have a probable right of recovery. *Sun Oil,*

424 S.W.2d at 218; *Camp*, 348 S.W.2d at 519. This Court will reverse a trial court's decision only if we find that the trial court has clearly abused its discretion. *Sun Oil*, 424 S.W.2d at 218; *W.C. Larock v. Enabnit*, 812 S.W.2d 670, 671 (Tex.App.—El Paso 1991, no writ); *LeFaucheur v. Williams*, 807 S.W.2d 20, 22 (Tex.App.—Austin 1991, no writ). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer*, 701 S.W.2d at 242. In applying established precedent to the facts of the present case, we find that there is no basis showing that appellant has a probable right to recover. Accordingly, it is sufficiently clear that the trial court did not act in an arbitrary or unreasonable manner and we therefore find no abuse in discretion. Appellant's sole point of error is overruled.

Given the above, we find that the amount that Robert is entitled to foreclose upon is the amount of the interest that he sold to Anna. Accordingly, we modify the order of the court below and decree foreclosure on and sale of Robert's interest in the amount of $14,000. We affirm the order of the trial court with the above modification.