**Maria Anna KARIGAN, Appellant**

v.

**George KARIGAN, Appellee.**

**No. 05–06–00144–CV.**

Court of Appeals of Texas, Dallas.

Nov. 26, 2007.

---

Kip H. Allison, Allison & Johnson, LLP, Plano, for Appellant.

George Karigan, London, Ontario, Canada, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Maria Anna Karigan appeals the trial court's January 10, 2006 Clarifying Order, which purports to clarify the Final Decree of Divorce dissolving the marriage between Maria and appellee George Karigan. In two issues, Maria contends the Clarifying Order erroneously modified the parties' divorce decree and the trial court lacked plenary power to make such a modification. We affirm the trial court's order.

The parties tried their divorce action to the court. The trial judge issued her Rulings by Memorandum, which included the terms of the property division. For our purposes, the relevant provisions of that memorandum awarded Maria the family residence "under the provisions set forth herein," awarded George a judgment for $35,000 and "an equitable lien against the family residence in the amount of $35,000," and ordered Maria to pay the $35,000 judgment. In a separate paragraph, the trial judge explained:

The equitable lien awarded above is intended to secure the payment of the judgment in favor of [George]. [Maria] is ordered to pay such judgment on or before the 18th birthday of the youngest child or 30 days after the remarriage of [Maria], which ever occurs first.

On September 30, 2004, the trial judge signed the Final Decree of Divorce. The Decree awarded Maria the family residence and awarded George the $35,000 judgment "as outlined below." Below, the Decree stated:

*Judgment for Equitable Lien*

For the purposes of a just and right division of property made in this decree to be paid by Petitioner, MARIA KARIGAN, IT IS FURTHER ORDERED and DECREED that Respondent, GEORGE KARIGAN is awarded judgment of $35,000 against Petitioner, MARIA KARIGAN, payable in accordance with the following terms:

1. MARIA KARIGAN is ORDERED to pay the aforementioned judgment to Respondent, GEORGE KARIGAN, on or before the 18th birthday of the youngest child or 30 days after the remarriage of MARIA KARIGAN, whichever occurs first.

The judgment is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

On October 27, 2004, George filed his Motion for Clarifying Order and Amended Final Decree (the "Motion") seeking clarification of the Decree's provision concerning the equitable lien. Specifically, the Motion sought orders making two clarifications to the Decree: (1) a statement tying the $35,000 judgment and the equitable lien to the family residence, as the Rulings by Memorandum had done, and (2) a statement that, based on the equitable lien, the judgment would be due and payable upon the sale of the residence by Maria. Maria responded to the Motion, arguing the requested changes would modify the Decree substantively rather than merely clarifying its existing terms. Maria also argued that—by the time the trial court heard the Motion—it had lost plenary power over the Decree.

The trial court heard the Motion and granted it, signing a Clarifying Order that explained:

GEORGE KARIGAN, Movant, is awarded a judgment of $35,000 against MARIA ANNA KARIGAN. An equitable lien of $35,000 is established against the family residence at 1949 Templehill Drive, Plano, Texas 75075.

The equitable lien secures the payment of the $35,000 judgment. The lien shall be satisfied and consequently the $35,000 judgment shall be paid to GEORGE KARIGAN in the event the residence is sold.

Maria appeals.

■■■ A trial judge may clarify the property division she ordered in a divorce decree by specifying more precisely the manner of carrying out that property division; the court may not alter the substantive division of the property. *Dechon v. Dechon,* 909 S.W.2d 950, 956 (Tex.App.-El

Paso 1995, no writ); *see also* TEX. FAM. CODE ANN. § 157.423(a) (Vernon 2002) ("A court may not change the substantive provisions of an order to be clarified under this subchapter."). A clarification order is an enforcement order, and a trial court has broad discretion in enforcing its judgments. *See Young v. Young,* 810 S.W.2d 850, 851 (Tex.App.-Dallas 1991, writ denied). "A clarification order must only be consistent with the prior judgment." *Id.*

In her first issue, Maria contends the trial judge's Clarifying Order erroneously altered the substance of the Decree's property division regarding the equitable lien. A trial court may impose an equitable lien against community property to secure one spouse's obligation to pay a monetary award that represents the consideration for the other spouse's relinquishment of his or her interest in the marital estate. *Young v. Young,* 168 S.W.3d 276, 286–87 (Tex.App.-Dallas 2005, no pet.); *Magallanez v. Magallanez,* 911 S.W.2d 91, 94 (Tex.App.-El Paso 1995, no writ). An equitable lien is not an estate in the thing to which it attaches, but merely an encumbrance against the property to satisfy a debt. *Chorman v. McCormick,* 172 S.W.3d 22, 24 (Tex.App.-Amarillo 2005, no pet.).

In this case, the family residence was awarded to Maria. George's interest in the residence was awarded to him in the form of the $35,000 judgment that Maria was to pay him. According to the Rulings by Memorandum, the trial judge expressly imposed the equitable lien on the family residence to secure payment of the $35,000 judgment. Moreover, during the hearing on George's Motion, the judge agreed that her purpose in imposing the equitable lien was to secure the judgment in favor of George.

Maria appears to argue that pursuant to the Decree the $35,000 judgment would *only* come due when her younger child turned eighteen or she remarried. This argument ignores the very nature of the lien imposed by the trial court. An equitable lien is an encumbrance, or burden, upon the affected property. *See id.* In this case, the trial court imposed such a burden on the family residence. This arrangement allows Maria to keep the home and delay paying George the $35,000 so long as she has a minor child and has not remarried. The residence itself is security for her debt to George. Nothing in the Decree prevents Maria from selling the residence before her children turn eighteen or she remarries. If, however, she were to do so before either such event occurred, the security for her debt to George would no longer exist. Accordingly, the equitable lien requires her to pay the $35,000 judgment from the proceeds of the sale whenever the property is sold, unless the judgment has otherwise been satisfied.

Our ruling is based on the nature of the lien imposed by the trial court in the Decree. We conclude, therefore, that the trial court's Clarifying Order—making specific the directive that the $35,000 judgment must be paid upon sale of the residence—was consistent with the original property division in the Decree. *See Young,* 810 S.W.2d at 851. The trial court did not abuse its discretion in clarifying the Decree, and we overrule Maria's first issue.

In her second issue, Maria argues the trial court's ruling on the Motion came after its plenary power had expired. However, as Maria concedes, the trial court retains inherent power to clarify or enforce a divorce decree, so long as the court does not substantively alter the property division made in the original decree. *See Lundy v. Lundy,* 973 S.W.2d 687, 688

(Tex.App.-Tyler 1998, pet. denied). Given our resolution of Maria's first issue, we conclude the trial court was authorized to sign the Clarifying Order when it did. We overrule Maria's second issue as well.

We affirm the trial court's Clarifying Order.