Petition for Writ of Mandamus Conditionally Granted, in Part, and
Denied, in Part, and Majority and Concurring Memorandum Opinions filed August
19, 2008








 

Petition
for Writ of Mandamus Conditionally Granted, in Part, and Denied, in Part, and
Majority and Concurring Memorandum Opinions filed August 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00203-CV

____________

 

IN RE BRIAN KENEFICK, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M A J O R
I T Y   M E M O R A N D U M   O P I N I O N

In this
original proceeding, relator, Brian Kenefick, seeks a writ of
mandamus ordering the respondent, the Honorable Georgia Dempster, to vacate her
February 14, 2008 orders granting a motion to clarify and a motion to compel
filed by real party in interest, Maureen Irwin.  We conditionally grant the
petition, in part, and deny it, in part. 

                                                                   Background








On
October 23, 2000, Judge Dempster signed a nunc pro tunc final decree of
divorce.  In the decree, Kenefick and Irwin were each awarded 50 percent of the
stock of KCO Enterprises, Inc., a check cashing company.  In the decree, it was
ordered that Aeach party will receive a monthly dividend equal to fifty percent (50%)
of the month net cash income, not to exceed $3,000 per month.@  Irwin gave up her voting rights as
a shareholder to a voting trust agreement.  Kenefick is the president and CEO
of KCO.  

On March
9, 2007, and January 22, 2008, Kenefick filed a petition and an amended petition
to modify the parent-child relationship, seeking modification of the nunc pro
tunc final decree of divorce.  Kenefick claims that KCO was never a party to
the divorce proceeding.  Therefore, Kenefick argued that the trial court never
had jurisdiction over KCO, and requested a declaratory judgment that the
portion of the decree pertaining to payment of the monthly dividend to the
parties be declared null and void.  

On
November 8, 2007, Irwin filed a motion to enforce the nunc pro tunc final
decree of divorce.  In the motion, Irwin stated that following entry of the
divorce decree in October 2000, until October 2006, Kenefick caused the
corporation to remit a $3,000 monthly dividend pursuant to the divorce decree. 
However, in November 2006, Kenefick stopped remitting the monthly dividend. 
Irwin requested that the trial court enter an order directing Kenefick to cause
KCO to pay her the contemplated $3,000 dividend in arrears and prospectively. 
In his response, among other arguments, Kenefick asserted that the trial court
could not order KCO, a non-party corporation, to pay dividends and could not
order Kenefick, who was sued only in his individual capacity, to pay the
corporate dividend.  

On
December 13, 2007, the Honorable Bruce Wettman held a hearing on Irwin=s motion to enforce.  Judge Wettman
was Ahung up and ha[d] a question about
the vagueness or ambiguity of the order.@  On December 20, 2007, Judge Wettman
denied the motion to enforce. 








On
December 19, 2007, Irwin filed a counter-petition to modify the parent-child
relationship, in which she alleged that Kenefick had abused his authority in
conducting the operations of KCO by (1) paying his personal expenses with
corporate funds, (2) paying corporate funds to his Agirlfriend(s),@ and (3) diverting corporate
opportunities for his personal gain.  Kenefick also refused to allow Irwin to
examine KCO=s books and records.  Irwin asserted claims against Kenefick for breach
of fiduciary duty and breach of contract.  In his answer, Kenefick reasserted
that KCO had never been a party to the divorce proceedings, and Irwin=s motives for seeing KCO=s books and records were improper.

On
January 8, 2008, Irwin filed a motion to clarify the nunc pro tunc final decree
of divorce to make clear that Kenefick is obligated to cause KCO to pay at
least a $3,000 monthly dividend out of KCO=s net profits to Irwin, and an annual
dividend of 50% of any surplus of the net profit of KCO.  In his response,
Kenefick argued that (1) the court never had jurisdiction over KCO because the
corporation was not a party to the mediated settlement agreement, and (2) the
requested clarification would be an impermissible change in the property
division. 

On
January 8, 2008, Irwin also filed a motion to compel production of KCO=s records, among other items, she had
requested from Kenefick on August 16, 2007.  Kenefick objected that the
requests are outside the scope of permissible discovery because Irwin seeks
information that is not relevant, or the requested information will not lead to
discovery of admissible evidence, and the requests are unduly burdensome,
harassing, and overly broad. 

On
February 14, 2008, Judge Dempster held a hearing, and granted Irwin=s motion to clarify and motion to
compel.  The clarified decree ordered that Kenefick Ashall cause KCO Enterprises, Inc. to
pay a monthly dividend $3,000 of the net cash income@ to both Irwin and him.  Kenefick was
also ordered to pay Irwin the monthly $3,000 dividend from November 2006, to
date, totaling $48,000.  

                                                            Standard
of Review








To
obtain mandamus relief, the relator must show that the trial court clearly
abused its discretion, and the relator has no adequate remedy by appeal.  In
re Sw. Bell Tele. Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding).  The trial court abuses its discretion if it reaches a decision so
arbitrary and unreasonable as to constitute a clear and prejudicial error of
law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  Mandamus is appropriate if a trial court issues an order beyond
its jurisdiction.  In re Brookshire Grocery, Inc., 250 S.W.3d 66, 68
(Tex. 2008) (orig. proceeding).  

                                                            Clarification
Order

Kenefick
contends the trial court abused its discretion by rendering a clarification
order directing him to cause KCO to pay monthly dividends.  Kenefick contends
the trial court does not have jurisdiction over the corporation to order it to
pay a dividend because KCO was not a party to the divorce proceeding.  There is
no dispute that KCO was not served with process in the divorce proceeding. 
Irwin, however, contends that KCO twice made an appearance and subjected itself
to the court=s jurisdiction by making appearances when the two mediation agreements
were filed.  Both agreements provide:

Each signatory represents that he or she has full
authority to bind the party or parties for whom such person and that no claims,
suits, rights or interest which are included within the settlement have been
assigned, transferred or sold.

Irwin
argues that both owners of KCO, i.e., she and Kenefick, signed the agreements
without limiting the nature or type of their appearance; therefore, KCO entered
an appearance through its officers sufficient to bind the corporation. 
However, there is nothing to indicate that either Kenefick or Irwin signed the
settlement agreements on behalf of KCO.  Consequently, KCO did not make an
appearance by Irwin=s and Kenefick=s signing the settlement agreements. 









Irwin
contends, alternatively, that it was not necessary for the trial court to treat
KCO as an independent third party when the parties have disregarded KCO=s separate corporate structure.  A
corporation is a separate legal entity from its shareholders, officers, and
directors.  Walker v. Anderson, 232 S.W.3d 899, 918 (Tex. App.CDallas 2007, no pet.).  However,
under certain circumstances the law will disregard the separateness of the
corporate enterprise  to protect individual and corporate creditors.  See Tex.
Bus. Corp. Act art. 2.21 (Vernon 2003); Castleberry v. Branscum, 721
S.W.2d 270, 272 (Tex. 1986).  

We note
that Irwin did not plead that KCO is Kenefick=s alter ego.  Alter ego must be
specifically pleaded or it is waived, unless tried by consent.  Town Hall
Estates Whitney, Inc. v. Winters, 220 S.W.3d 71, 86 (Tex. App.CWaco 2007, no pet.).  At the hearing
before Judge Wettman, Kenefick specifically denied that he was the alter ego of
KCO.  At the hearing before Judge Dempster, Kenefick specifically argued that
the corporate veil could not be pierced merely because KCO is a closely held
corporation.  Moreover, there is nothing in the record to show that alter ego
was an issue in the original divorce proceeding, particularly since the divorce
was resolved by agreed judgment.  








At the
hearing, Irwin argued, and Judge Dempster agreed, that the corporate structure
can be disregarded because KCO is a closely held corporation.  An alter ego
relationship may be shown from the total dealings of the corporation and the
individual.  Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 228 (Tex.
1990).  This showing may include evidence of Athe degree to which corporate
formalities have been followed and corporate and individual property have been
kept separately, the amount of financial interest, ownership and control the
individual maintains over the corporation, and whether the corporation has been
used for personal purposes.@  Castleberry, 721 S.W.2d at 272.  However, mere
domination of corporate affairs by a sole shareholder or financial unity between
a shareholder and corporation will not justify disregarding the corporate
entity.  Lifshutz v. Lifshutz, 61 S.W.3d 511, 516 (Tex. App.CSan Antonio 2001, pet. denied); see
also Sparks v. Booth, 232 S.W.3d 853, 869 (Tex. App.CDallas 2007, no pet) (A[A]n individual=s standing as an officer, director,
or majority shareholder of an entity alone is insufficient to support a finding
of alter ego.@); Leon Ltd. v. Albuquerque Commons P=ship, 862 S.W.2d 693, 707 (Tex. App.CEl Paso 1993, no writ) (evidence that
defendant was shareholder, sole officer, and employee of corporation was
insufficient to support finding of alter ego).  

Merely
showing that Kenefick is one of two shareholders, and the president and CEO of
KCO, is not sufficient to establish alter ego.  Irwin was required to produce
evidence reflecting the degree to which corporate and individual property have
been kept separate; the amount of financial interest, ownership, and control
the individual has maintained over the corporation; and whether the corporation
has been used for personal purposes.  Irwin failed to produce any evidence
tending to establish that Kenefick is the alter ego of KCO. 

Finally,
Irwin asserts that Kenefick is estopped from challenging the provisions of the
divorce decree regarding KCO because he has accepted and exercised the
authority to operate KCO and to pay the dividend.  Irwin further claims that
Kenefick induced her to enter into the mediated settlement agreement and the
voting trust agreement by agreeing to pay her the $3,000 monthly dividend. 
Estoppel is an affirmative defense and must be pleaded.  Tex. R. Civ. P. 94. 
Irwin did not plead estoppel in the trial court and, therefore, may not rely on
it here.  See City of Univ. Park v. Van Doren, 65 S.W.3d 240, 251 (Tex.
App.CDallas 2001, pet. denied) (holding
city could not rely on estoppel on appeal because it had not pleaded the
defense); Trevino v. Houston Orthopedic Ctr., 831 S.W.2d 341, 344B45 (Tex. App.CHouston [14th Dist.] 1992, writ
denied) (stating appellant must affirmatively plead estoppel to rely on it on
appeal); CKB & Assocs., Inc. v. Moore McCormack Petroleum, Inc., 809
S.W.2d 577, 584 (Tex. App.CDallas 1991, writ denied) (stating estoppel Ais lost if not specifically pleaded@). 








Moreover,
directing Kenefick to cause KCO to pay a dividend is also unavailing.  Kenefick
was a party to the divorce only in his individual capacity, not in his capacity
as an officer of KCO.  See Werner v. Colwell, 909 S.W.2d 866, 879 (Tex.
1995) (holding that to bind benefit planCa separate entityCplaintiff was required to serve
defendant in her capacity as trustee).  We conclude that KCO was not a party to
underlying divorce proceeding, and the trial court had no authority to order it
to pay a dividend.  See Glasscock v. Citizens Nat=l Bank, 553 S.W.2d 411, 413 (Tex. Civ. App.CTyler 1977, writ ref=d n.r.e.) (holding husband=s creditors could not be bound by
divorce decree because court, in divorce action, had no power to disturb rights
of creditors).  

Kenefick
also claims that the clarification order alters the substantive division of
property and, therefore, is void.  Following a finding by the trial court that
the original form of the division of the property is not sufficiently specific
to be enforceable by contempt, the trial court may render a clarifying order
setting forth specific terms to enforce compliance with the original division
of property.  Tex. Fam. Code Ann. ' 9.008(b) (Vernon 2006).  In the
absence of an ambiguity, the trial court is without authority to modify the
judgment.  Pearcy v. Pearcy, 884 S.W.2d 512, 514 (Tex. App.CSan Antonio 1994, no writ); see
also Zeolla v. Zeolla, 15 S.W.3d 239, 242 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied) (trial court was authorized to enter clarifying order because agreement
contained a latent ambiguity). 

The
trial court=s clarification order must not vary from the terms of the original
decree.  Young v. Young, 810 S.W.2d 850, 851 (Tex. App.CDallas 1991, writ denied).  A
clarification order is consistent if it merely enforces, with appropriate
language the divorce decree.  Id.  However, A[a]n order under this section that
amends, modifies, alters, or changes the actual, substantive division of
property made or approved in a final decree of divorce or annulment is beyond
the power of the divorce court and is unenforceable.@  Tex. Fam. Code Ann. ' 9.007(b) (Vernon 2006). 








Irwin
responds that the trial court merely added terms necessary to effectuate and
implement the intent of the parties.  Terms necessary to effectuate and
implement the parties= agreement do not affect the agreed substantive division of
property and may be left to future articulation by the parties or consideration
by the court.  Haynes v. Haynes, 180 S.W.3d 927, 930 (Tex. App.CDallas 2006, no pet.); see also
Able v. Able, 725 S.W.2d 778, 779 (Tex. App.CHouston [14th Dist.] 1987, writ ref=d n.r.e.) (finding trial court merely
interpreted certain language of divorce decree awarding appellee reimbursement
for liability assigned to appellant under language of decree when it clarified
language).  We do not agree with Irwin=s interpretation of the clarification
order. 

The
clarification order provides, in relevant part:

Each party has been awarded fifty percent (50%) of the stock of KCO
Enterprises, Inc. and IT IS ORDERED AND DECREED that BRIAN KENEFICK shall cause
KCO Enterprises, Inc. to pay a monthly dividend $3,000 [sic] of the net cash
income of KCO Enterprises, Inc. to each party, BRIAN KENEFICK and MAUREEN
IRWIN. . . .

IT IS THEREFORE ORDERED that
Petitioner Brian Kenefick pay to Respondent the monthly dividend payments from
KCO Enterprises, Inc. from November, 2006, to date, totaling $48,000, and that
Petitioner continue to pay said dividend payments to Respondent until otherwise
directed by this Court.

The nunc
pro tunc divorce decree awards to each party:

Each party has been awarded fifty
percent (50%) of the stock of KCO Enterprises, Inc., and IT IS ORDERED AND
DECREED that each party will receive a monthly dividend equal to fifty percent
(50%) of the monthly net cash income, not to exceed $3,000 per month per party.
. . . 








The nunc
pro tunc final decree of divorce unambiguously provides that each party will
receive a monthly dividend equal to Afifty percent (50%) of the monthly
net cash income, not to exceed $3,000 per month.@[1]  The dividend is a contingent
expectancy based on the amount of monthly net cash income.  The clarification
order directs KCO to pay Aa monthly dividend $3,000 [sic]of the net cash income@ to each party.[2] 
In the clarification order, the dividend is a defined amount to be paid.  We
hold the nunc pro tunc divorce decree is unambiguous with regard to the award
of a KCO dividend.  The trial court exceeded its authority by entering a
clarification order that altered the property division.  Consequently, that
order is void.  See Pearcy, 884 S.W.2d at 514.  Kenefick has established
that he is entitled to mandamus relief with respect to the clarification
order.  See Brookshire Grocery, Inc., 250 S.W.3d at 68.  

                                                   Order
Compelling Discovery

Kenefick
complains that the trial court abused its discretion by granting Irwin=s motion to compel discovery.  Irwin
served a request for production of documents on Kenefick, seeking, among other
things, an accounting and full disclosure of KCO=s corporate records.  Kenefick
objected to the requests, asserting that the information sought is not relevant
and will not lead to the discovery of admissible evidence; and the requests are
unduly burdensome, harassing, and overly broad.  

Kenefick
contends that Irwin waived the requested discovery because she did not request
a hearing after he objected to the discovery.  See Roberts v. Whitfill,
191 S.W.3d 348, 361 n.3 (Tex. App.CWaco 2006, no pet.) (AIf neither party asks for a hearing
[on the objections], the party who sent the request for discovery waives the
requested discovery.@).  At the February 14, 2008 hearing, the trial court granted
the motion to compel without hearing argument.  Counsel for both parties then
argued about the necessity for the discovery based on Irwin=s breach of fiduciary duty claims. 
At the very least, the trial court implicitly overruled Kenefick=s objections to discovery.  We
conclude that Irwin did not waive her discovery requests by failing to request
a hearing on Kenefick=s objections. 








Finally,
Kenefick complains that the order to compel is vague.  Irwin requested 23
categories of items for Kenefick to produce.  The order states that the court AGRANTS [Irwin=s] Motion to Compel,@ without specifying what items must
be produced.  However, Kenefick has not shown that he presented this complaint
to trial court, and that the trial court refused a request for correction.  AA party=s right to mandamus relief generally
requires a predicate request for some action and a refusal of that request.@  In re Perritt, 992 S.W.2d
444, 446 (Tex. 1999) (orig. proceeding) (per curiam) (citing Axelson, Inc.
v. McIlhany, 798 S.W.2d 550, 556 (Tex.1990) (orig. proceeding)). 
Therefore, Kenefick has not established that he is entitled to the
extraordinary remedy of mandamus with regard to this complaint about the order
granting Irwin=s motion to compel discovery.  

                                                                    Conclusion

We
conditionally grant the petition for a writ of mandamus with respect to the
clarification order and direct the trial court to vacate its February 14, 2008
clarification order.  We deny the petition for writ of mandamus, without
prejudice, with respect to the order granting the motion to compel.  The writ
will issue only if the trial court fails to act in accordance with this
opinion.

 

 

 

 

/s/        Charles Seymore

Justice

 

 

Petition Conditionally Granted, in
Part, and Denied, in Part, and Majority and Concurring Memorandum Opinions
filed August 19, 2008.

 

Panel consists of Justices Fowler,
Frost, and Seymore.  (Frost, J., concurring).









[1]  Emphasis
added.





[2]  Emphasis
added.