# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00563-CV

**Billy Wayne Baskett, Appellant**

**v.**

**Linnet Sue Baskett, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
## NO. 14-1600-FC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Billy Wayne Baskett appeals the trial court's order enforcing the property division under an agreed final decree of divorce, finding Billy[1] in contempt of the decree, and awarding appellee Linnet Sue Baskett damages and attorney's fees. Billy contends that the trial court improperly modified the terms of the decree and abused its discretion by awarding damages and attorney's fees because there was legally and factually insufficient evidence to support the award. We will affirm the trial court's order.

## BACKGROUND

The parties were divorced by way of an agreed final decree. Shortly thereafter, Linnet filed a petition for enforcement of property division and for contempt and sanctions, alleging that when she returned to Billy's residence to retrieve the personal property that she had been awarded

---

[1] Because the parties share the same surname, we will refer to them by their first names.

in the decree, much of the property had been damaged or was missing. Linnet's motion contained

a detailed list identifying the specific items that had been in Billy's possession but were missing or

damaged upon her attempt to retrieve them and included her valuations to repair or replace the items.

Specifically, the decree awarded Linnet:

> [A]ll items of her personal property, jewelry and clothing now in BILLY WAYNE BASKETT's possession, and specifically including the following:
>
> a.    The couch and loveseat in BILLY WAYNE BASKETT's living room;
> b.    The 37-inch Television; and
> c.    LINNET SUE BASKETT's jewelry chest and all its contents.
>
> IT IS ORDERED, LINNET SUE BASKETT shall be given access to such items for removal not later than June 27, 2015. The Court finds the parties intend in good faith to schedule such move on June 27, 2015.

At the hearing on her motion, Linnet testified that when she and Billy separated in

2013, she moved into an apartment, but she later moved back into the marital home and unpacked

her items when she and Billy attempted to reconcile. She further testified that almost immediately

upon moving back into the home, Billy asked her to leave and did not give her much time to pack

or remove her things. While she was able to pack some of her items carefully into boxes, other

unpacked personal property of hers remained in the home, as did several of the packed boxes.

Linnet further testified that upon her return to the home on June 27, 2015 with some

friends to help retrieve her personal property: (1) many of the items were haphazardly stacked in the

driveway; (2) the items she had boxed up had been removed from the boxes and placed into different

bags or boxes, and many of the items contained therein were damaged, some beyond repair; (3) a

2

friend of Billy's was present to supervise Linnet's visit but allowed her into only one room in the house, into which Billy had moved her items; and (4) although at the time she did not have a specific list of every single item she had left in the house, Linnet had a general understanding of what she had left behind and noticed immediately that many items were missing, damaged, or defaced with offensive words.

Billy testified at the hearing that he knew which items the decree was referencing when it generically awarded Linnet "her" personal property, clothing, and jewelry that was still in his possession and that he used a prior list made by Linnet to select items to make available to her for retrieval on June 27, 2015. He further testified that he additionally made available to Linnet for retrieval other personal property that simply "reminded" him of her, and that he could not confirm whether Linnet had previously removed some of the items for which she was making claims in this action because she had not provided him an inventory of items previously removed. He also admitted to causing some, but not all, of the damage to Linnet's property.

The trial court admitted into evidence several photos of the damaged and defaced items as well as numerous print-outs from Ebay and other online retailers that Linnet had used to assess the fair market value of the damaged and missing items. Linnet testified that, based on her research and in her opinion, the total cost of repair or replacement of the missing and damaged items was $12,161.14.

**DISCUSSION**

In his first issue, Billy contends that the trial court improperly "modified" the decree by awarding Linnet damages for 89 damaged or lost items because those items were not specifically

3

listed as awarded to her in the decree. *See* Tex. Fam. Code § 9.007(a), (b) (providing that court may not amend, modify, alter, or change substantive division of property approved in decree and that enforcement order is limited to assisting in implementation of or clarifying decree). He posits that because the 89 items were not specifically enumerated as awarded to Linnet in the decree (unlike the couch, love seat, television, and jewelry chest and its contents), they fell under a different provision—that awarding Billy all "household furniture, furnishings, fixtures, goods, appliances, equipment, electronics, computers, clothing, personal effects, and jewelry lawfully in [his] possession"—and were, therefore, actually awarded to him. His argument continues that, by finding that the decree awarded the 89 items to Linnet and awarding her damages therefor, the trial court "modified" the decree by changing the substantive award of the items from him to her. We disagree.

The decree unambiguously awarded to Linnet "all items of her personal property, jewelry and clothing now in Billy[]'s possession." Even the decree provision that Billy cites does not support his argument: he was awarded all personal property in his possession and control "SAVE AND EXCEPT all items of Linnet[]'s personal property, jewelry and clothing now in Billy[]'s possession." Clearly, the decree awarded to Linnet items of personal property still in Billy's possession *in addition to* the couch, love seat, television, and jewelry chest and its contents. While the decree did not include a laundry list of every last book or necklace encompassed in its reference to Linnet's "personal property, jewelry and clothing" still in Billy's possession, the trial court's determination of which items, exactly, were included in that non-specific reference did not constitute a modification of the decree but, rather, an effort to interpret, implement, and clarify the decree, which is well within its discretion and authority. *See id.*; *Young v. Young*, 765 S.W.2d 440, 443

4

(Tex. App.—Dallas 1988, no writ) (holding that, in light of clear intent of parties to divide all property by agreed decree, court's enforcement order and interpretation of term "furniture" was valid clarification of decree's provisions); *Able v. Able*, 725 S.W.2d 778, 779 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (holding that trial court's interpretation of language in decree awarding appellee reimbursement for liability assigned to appellant was within its jurisdiction to clarify and enforce decree and did not constitute modification).

Moreover, as to *which additional items* the decree was referencing with the phrase "her [Linnet's] personal property, jewelry and clothing" still in Billy's possession, at the hearing Billy did not dispute that any particular item of the 89 listed in Linnet's petition was not rightfully awarded to her by the decree and even admitted that he knew which items were included in the decree's reference to "her" property still in his possession. Indeed, the evidence showed that the majority of the items for which Linnet was awarded damages were items that Billy himself made available for her retrieval pursuant to the decree but were found to have been damaged or to have contents damaged or missing (such as books, CDs, and specific jewelry items). Rather, the dispute before the trial court centered on whether those particular items had been damaged or had gone missing while in Billy's possession and the extent and valuation of such damage. However, even had there been a dispute between the parties about which specific property was intended by the phrase "her personal property, jewelry and clothing" still in Billy's possession, the resolution of that question was within the trial court's fact-finding province, *see Zeolla v. Zeolla*, 15 S.W.3d 239, 242 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (stating that where divorce decree contains ambiguity, its interpretation is question of fact), and we hold that the trial court did not err by

5

concluding that the 89 items were awarded to Linnet in the divorce decree. We overrule Billy's first issue.[2]

In his third issue, Billy contends that the evidence was legally and factually insufficient to support the trial court's award of damages. Specifically, he contends that Linnet sought and obtained damages for the cost of new items to replace the lost or damaged items but that most of the items were several years old and that, therefore, the damages awarded to Linnet were excessive. We review the trial court's ruling on a post-divorce motion for enforcement under an abuse-of-discretion standard. *Woody v. Woody*, 429 S.W.3d 792, 797 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (under abuse-of-discretion standard, we must determine "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable"). Under the abuse-of-discretion standard, sufficiency of the evidence is not an independent ground of error but, rather, is a relevant factor in assessing whether the trial court abused its discretion. *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.). To determine whether the trial court abused its discretion because the evidence was legally or factually insufficient to support the trial court's decision, we consider whether the trial court (1) had sufficient evidence upon which

---

[2] In his second issue, Billy argues that the evidence was legally and factually insufficient to support the trial court's award of damages because the 89 items for which Linnet was awarded damages were actually her separate property, evidenced by her testimony at the hearing that she acquired them either before the marriage or by gift during the marriage, and therefore they were "not properly the subject of the [community property] provision" that she sought to enforce. Billy does not identify how Linnet's characterization of the property at the enforcement hearing, without more, is relevant to the issue of legal and factual sufficiency or to the trial court's purported "modification" of the decree, and we, accordingly, overrule his second issue.

6

to exercise its discretion, and (2) erred in its application of that discretion. *See Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). We conduct the applicable sufficiency review when considering the first prong of the test. *Id.* We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Id.*

With regard to the amount of damages for Linnet's missing or damaged property, the trial court heard testimony from both parties and admitted Linnet's numerous exhibits demonstrating how she arrived at her valuations, including internet research that she had conducted. An owner may testify to the value of his or her own property if the testimony relates to the market value of the property, rather than intrinsic value. *See Thomas v. Oldham*, 895 S.W.2d 352, 359 n.10 (Tex. 1995) (citing *Porras v. Craig*, 675 S.W.2d 503, 504–05 (Tex. 1984)); *Baker v. Baker*, 624 S.W.2d 796, 799 (Tex. App.—Houston [14th Dist.] 1981, no writ) (stating that owner may give value testimony regarding personal property if she has knowledge of particular things being valued and of market value based on personal observation and citing 2 McCormick & Ray, Texas Law of Evidence 257, Opinion Evidence s 1422 (1956)). Linnet testified that she had conducted extensive research online in an attempt to find replacement values for the damaged or missing items, and the detailed list summarizing her research was admitted as an exhibit at the hearing. She testified that she believed the values at which she had arrived constituted the fair market value to replace or repair the items. *See Sullivan v. State*, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986) (noting that replacement cost has been used as means to determine fair market value, and owner of property is competent to testify as

7

to value of her own property); *see also Goodpasture, Inc. v. M/V Pollux*, 688 F.2d 1003, 1006 (5th Cir. 1982) (stating that court must focus on market to which damaged party would resort to replace subject goods when determining market value). Linnet's testimony constitutes "some evidence of a substantive and probative character" to support the trial court's findings with regard to the amount of Linnet's damages; accordingly, the trial court did not abuse its discretion in making its damage award. *See Moroch*, 174 S.W.3d at 857. We overrule Billy's third issue.[3]

## CONCLUSION

Having overruled Billy's issues, we affirm the trial court's Order of Enforcement of Property Division.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   January 5, 2016

---

[3] Within his third issue, Billy also challenges Linnet's entitlement to attorney's fees, claiming that the award fails because the enforcement relief that Linnet sought was "improper." We reject this argument, both because a trial court has discretion to award reasonable attorney's fees in a proceeding to enforce a divorce decree, *see* Tex. Fam. Code § 9.014, and because we have already determined that the trial court's order was not a modification of the decree.