Opinion issued July 8, 2010

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00450-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



GISELLE BORBON AND CARLOS A. PENICHE, Appellants

 

V.

 

SAMUEL RODRIGUEZ, Appellee

 

 



On Appeal from the 247th District Court

Harris County, Texas

Trial Court Cause No. 2006-69894

 

 



MEMORANDUM OPINION

          Appellants,
Giselle Borbon and Carlos A. Peniche, challenge the trial court’s orders
denying Borbon’s motion to clarify its Final Decree of Divorce and awarding
appellee, Samuel Rodriguez, his attorney’s fees to defend against the motion.  In two issues, Borbon and Peniche, counsel
for Borbon below, contend that the trial court erred in denying Borbon’s motion
to clarify and in finding that the motion was “groundless and frivolous.”  

We affirm.

Background

          On
June 9, 2008, the trial court entered its Final Decree of Divorce dissolving
the marriage between Borbon and Rodriguez. 
The decree provided 

IT IS ORDERED that good cause exists to award David
Eckman a judgment in the amount of $4,250.00 for attorney’s fees, expenses, and
costs . . . .  The judgment . . . is
awarded against Giselle [Borbon] and Giselle [Borbon] is ORDERED to pay the
fees, expenses, and costs in the attorney’s own name by any means available for
the enforcement of a judgment debt.  It
is ordered that this judgment is a lien against the property awarded to Giselle
[Borbon], and Giselle [Borbon] waives her homestead right as to said judgment.

 

The “property awarded to Giselle
[Borbon]” included the parties’ homestead located in Katy, Texas.  The decree also provided 

[Rodriguez] and [Borbon] each acknowledge that before
signing this Final Decree of Divorce they have read this Final Decree of
Divorce fully and completely, have had the opportunity to ask any questions
regarding the same, and fully understand that the contents of this Final Decree
of Divorce constitute a full and complete resolution of this case.  [Rodriguez and Borbon] acknowledge that they
have voluntarily affixed their signatures to this Final Decree of Divorce,
believing this agreement to be a just and right division of the marital debts
and assets, and state that they have not signed by virtue of any coercion, any
duress, or any agreement other than those specifically set forth in this Final
Decree of Divorce.

 

Both Borbon and Rodriguez signed the
decree and indicated that the decree was “approved and consented to as to both
form and substance.”

On March 4, 2009, after she began
receiving notices about a lien on her home, Borbon filed her motion to clarify
the divorce decree, requesting that the trial court strike from its decree the provision
giving David Eckman, Rodriguez’s attorney, a lien on her homestead to secure
payment of his fees because it was an “unlawful provision” under the Texas
Constitution and the Texas Property Code, which “limit the manner in which
homestead rights can be waived or abridged” and which manner does not include a
judgment for attorney’s fees in a decree of divorce as “among the few
exceptions to homestead protection rights under Texas Law.”[1]  Borbon also filed in a different
court a bill of review challenging the award of attorney’s fees to Eckman as
without “good cause” and “excessive” and the waiver of homestead provision as
unconstitutional.  

In response, Eckman sent to Borbon
and Peniche a letter in which he offered “a full and final settlement of any
and all claims by [Borbon] in any way connected to the . . . divorce case,
including and not limited to [her] current litigation, [by agreeing] to modify
the divorce decree by deleting the [objected to] language.”  Borbon and Peniche rejected this offer. 

Subsequently, in his response to
Borbon’s motion to clarify, Rodriguez asserted that the language Borbon sought
to clarify was unambiguous, the trial court had no authority to enter an order to
alter or modify the decree, and the contested provision was part of an agreed property
division.  Rodriguez also requested his
attorney’s fees to defend against the motion.

After denying Borbon’s motion to
clarify, the trial court set a hearing on Rodriguez’s motion for attorney’s fees,
in which he asserted that Borbon had “filed a groundless and frivolous pleading
in that, under the guise of a motion to clarify, [she] sought to remove from
the Final Decree of Divorce . . . a provision that had been agreed to by
[Borbon] and her attorney.”  He also
asserted that Borbon’s continued pursuit of the matter after she had rejected
Eckman’s offer to “settle all of [her] claims by agreeing to remove the
provision objected to,” was “not only groundless and frivolous but was clearly
intended only to harass [Rodriguez].” 
Borbon responded that she had relied on the advice of Peniche, who was
advised by two attorneys with “substantial family practices” that a motion to
clarify was “appropriate” and, thus, her motion was filed “in good faith and was
not frivolous.”

The trial court granted Rodriguez’s
motion and found that Borbon and Peniche “signed and filed a motion to clarify
that was frivolous and groundless in violation of Texas Rule of Civil Procedure
13 and Texas Civil Practice and Remedies Code sections 10.001 and 9.012” and “sought
relief that was not legally available to Borbon.”  The trial court also found that Borbon
“rejected a settlement offer by [Eckman] that would have avoided further action
. . . manifesting a clear intent to harass [Rodriguez].”  

Motion to Clarify

In their first issue, Borbon and
Peniche argue that the trial court erred in denying Borbon’s motion to clarify the
decree because the provision complained of  “clearly violates” Article 16, section 50 of
the Texas Constitution and Texas Property Code section 41.001(b).  Borbon asserts that she did not seek to “change
any provision of the division of property stated in the divorce decree,” but only
to “affect the means by which the division of property could be enforced via
clarification that the illegal language was null and void.”

We review a trial court’s ruling on a
post-divorce motion to clarify a divorce decree under an abuse-of-discretion
standard.  Gainous v. Gainous, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st
Dist.] 2006, pet. denied).  A trial court
abuses its discretion when it (1) acts unreasonably, arbitrarily, or without
reference to any guiding rules or principles or (2) erroneously exercises its
power by making a choice outside the range of choices permitted the court by
law.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985); Murray v. Murray, 276 S.W.3d 138, 143
(Tex. App.—Fort Worth 2008, pet. dism’d). 


To promote the amicable settlement of
disputes in a suit for divorce, the spouses may enter into a written agreement
concerning the division of the property and liabilities of the spouses.  Tex. Fam. Code Ann. § 7.006(a) (Vernon 2006).  An award of attorney’s fees may be made a
part of such an agreement and incorporated into a divorce decree.  See Matthews v. Matthews, 725 S.W.2d 275, 280–81
(Tex. App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.).  

A property division in a final decree
of divorce becomes final the same as other judgments; thus, an appeal or a
motion to modify, correct, or reform the decree must be filed within the time
prescribed by the Texas Rules of Civil Procedure and Texas Rules of Appellate Procedure.
 See
Schwartz v. Jefferson, 520 S.W.2d 881, 887 (Tex. 1975); DeGroot v. DeGroot, 260 S.W.3d 658, 662
(Tex. App.—Dallas 2008, no pet.); In re
Garza, 153 S.W.3d 97, 102 (Tex. App.—San Antonio 2004, orig. proceeding).  After a trial court’s plenary power has
expired, the proper way for a party to directly attack a decree is to file a
bill of review in the trial court.  See King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003); Baxter v.
Ruddle, 794 S.W.2d 761, 762 (Tex. 1990). 


A trial court does, however, retain continuing
jurisdiction to render some further orders regarding a final decree of divorce.
 Tex.
Fam. Code Ann. § 9.002 (Vernon Supp. 2009); §§ 9.006–.007 (Vernon 2006).  Such orders include those to “enforce the
division of property,” “assist in the implementation of or to clarify the prior
order,” or “specify more precisely the manner of effecting the property
division previously made.” Id. §
9.006.  However, if the order “amends, modifies,
alters, or changes the actual, substantive division of property made or
approved in a final decree of divorce,” the order is “beyond the power of the divorce
court and is unenforceable.”  Id. § 9.007.  A trial court may also enter a clarifying
order regarding a motion for contempt when it finds “the original order is not
specific enough to be enforceable by contempt.” 
Id. § 9.008 (Vernon 2006). 
Most importantly, a proper clarification is consistent with the prior divorce decree and merely serves to enforce
by appropriate order the prior judgment or settlement agreement.  Karigan
v. Karigan, 239 S.W.3d 436, 439 (Tex. App.—Dallas 2007, no pet.); Young v. Young, 810 S.W.2d 850, 851
(Tex. App.—Dallas 1991, writ denied).[2]  Clarification orders, thus, cannot be used to
make a substantive change in a divorce decree after it becomes final.  Shanks
v. Treadway, 110 S.W.3d 444, 449 (Tex. 2003); Brown v. Brown, 236 S.W.3d 343, 347 (Tex. App.—Houston [1st Dist.] 2007,
no pet.).  

In her motion to clarify, Borbon contended
that the provision in the final decree of divorce awarding Eckman “a lien
against the property awarded to Giselle [Borbon]” for his fees and providing
that Borbon “waives her homestead right as to said judgment” was “an unlawful
provision.”  She asked the trial court to
strike the language, clarify that “it would never have knowingly entered an
unlawful provision in a decree which violates Texas homestead rights protection
under the Texas Constitution and Property Code,” and declare the language “null
and void.”  

On appeal, Borbon and Peniche assert
that Borbon “sought only to affect the means by which the division of property
could be enforced via a clarification that the illegal language was null and
void.”  They do not assert that the
complained-of provision is ambiguous.  

The trial court, to grant the
requested relief, would have been required to issue an order, inconsistent with
its prior decree, striking a substantive provision of the decree.  Such an order is not permitted.  See Young,
810 S.W.2d at 851.  While the relief Borbon
requested would not have substantively altered the division of the property
between Borbon and Rodgriguez, she sought to limit the enforcement of the
property division, rather than to enforce, assist in the implementation of,
clarify, or make more precise the manner of effecting the property division.  The Family Code does not allow this kind of post-decree
modification.  See Tex. Fam. Code Ann. §§
9.006–.008.  

Although the trial court’s award in
the decree of a lien against Borbon’s homestead to secure payment of Eckman’s
fees was impermissible,[3] once
the trial court lost plenary power, it had no power to correct any substantive legal
error in the decree.  See Shanks, 110 S.W.3d at 447; Brown, 236 S.W.3d at 347.  Borbon’s remedy for adjudicating the
constitutionality of the homestead waiver clause was through either a direct
appeal or a bill of review, not a motion to clarify.  See Shanks,
110 S.W.3d at 449; Brown, 236 S.W.3d at
347; King Ranch, Inc., 118 S.W.3d at 751;
see also In re C.A.K., 155 S.W.3d
554, 562 (Tex. App.—San Antonio 2004, pet. denied) (on direct appeal, wife
challenged as unconstitutional clause in arbitration award that required her to
pay additional attorney’s fees to husband if wife sought review or modification
of divorce decree).  Accordingly, we hold
that the trial court did not err in denying Borbon’s motion to clarify. 

We overrule Borbon and Peniche’s
first issue.

Groundless and Frivolous

In their second issue, Borbon and
Peniche argue that the trial court erred in finding the motion to clarify “Groundless
and Frivolous” because Borbon “did nothing more than consult with Peniche, a
licensed attorney, about the facts as she 
. . . understood them to be”; the Final Decree of Divorce contained an
erroneous and unconstitutional provision, which gave Peniche a “solid basis in
fact to believe there was merit to Borbon’s situation”; and, before filing the
motion to clarify, Peniche consulted two other experienced family law attorneys
about the proper way to raise the issue with the trial court, which gave
Peniche a “good faith basis in the law that a motion to clarify would be an
appropriate vehicle.”

We review a trial court’s imposition
of sanctions for an abuse of discretion. Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007).  In reviewing the sanctions order, we review
the entire record to determine whether the trial court abused its discretion.  Am.
Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006) (per
curiam).  When determining whether
sanctions are appropriate, the trial court must examine the facts available to
the litigant and the circumstances existing when the litigant filed the
pleading.  Neely v. Comm’n for Lawyer Discipline, 976 S.W.2d 824, 828 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). 
We will overturn a trial court’s discretionary ruling only if the ruling
is based on an erroneous view of the law or a clearly erroneous assessment of
the evidence.  See Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996);
Downer, 701 S.W.2d at 241–42; Houtex Ready Mix Concrete & Materials v.
Eagle Constr. & Envtl. Servs., L.P.,
226 S.W.3d 514, 521–522 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

Although Chapter 10 does not define
the term “frivolous,” it generally requires that legal contentions be
“warranted by existing law” and factual contentions have “evidentiary
support.”  Tex. Civ. Prac. & Rem. Code Ann. § 10.001(2), (3) (Vernon
2002).  These requirements are in accord
with common legal understanding of the term “frivolous.”  Under Chapter 10 of the Texas Civil Practices
and Remedies Code, an attorney’s signature on a pleading certifies that that he
made “reasonable inquiry” that

(1)            
the pleading or
motion is not being presented for any improper purpose, including to harass or
to cause unnecessary delay or needless increase in the cost of litigation; 

(2)            
each claim,
defense, or other legal contention in the pleading or motion is
warranted by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law; 

(3)            
each
allegation or other factual contention in
the pleading or motion has
evidentiary support or, for a specifically identified allegation or factual
contention, is likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and 

(4)            
each denial in
the pleading or motion of a factual contention is warranted on the evidence or,
for a specifically identified denial, is reasonably based on a lack of
information or belief. 

 

Id. § 10.001
(emphasis added).  A trial court may
impose sanctions against a party if the trial court finds that the party has
failed to comply with any one of the
above requirements.  See id. § 10.002 (Vernon 2002) (“A party may make a motion for
sanctions, describing the specific conduct violating Section 10.001.”).  The trial court shall describe in its order
imposing sanctions “the conduct the court has determined violated Section
10.001 and explain the basis for the sanction imposed.”  See id.
§ 10.005 (Vernon 2002).  

Generally, a pleading is “frivolous”
if it has “no basis in law or fact.”  See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009) (appeal with no arguable grounds is frivolous); Scott v. Gallagher, 209 S.W.3d 262, 266
(Tex. App.—Houston [1st Dist.] 2006, no pet.) (inmate litigation is frivolous
if claim has no arguable basis in law or fact); Jones v. CGU Ins. Co., 78 S.W.3d 626, 628 (Tex. App.—Austin 2002,
no pet.) (indigent’s lawsuit is frivolous if claim has “no arguable basis in
law or fact”); cf. Alpert v. Crain, Caton & James, P.C.,
178 S.W.3d 398, 411–12 (Tex. App.—Houston [1 Dist.] 2005, pet. denied) (claims
“arguably support[ed]” by law not frivolous under chapter 10).

In his motion for attorney’s fees,
Rodriguez contended that Borbon had “filed a groundless and frivolous pleading”
in that her motion to clarify was a “guise” to make a substantive change to the
agreed property division and Borbon had rejected a settlement offer from Eckman
that “would have given [her] exactly what she asked for,” exhibiting a “clear[]
[intent] only to harass [Rodriguez].”  Peniche,
in his affidavit attached to Borbon and Peniche’s response to Rodriguez’s
motion for attorney’s fees, asserted 

[Based on the information contained in the bill of
review], [my family law expert] stated that a motion to clarify would be
appropriate and that since the time for appeal had run, a bill of review would
be needed if more relief than would be sought via the motion to clarify were to
be pursued.  I reviewed Article 16, §50
of the Texas Constitution and §41.001(b) Texas Property Code, both of which
strictly limit the manner in which homestead rights can be waived or abridged
and saw that a judgment of attorney’s fees in favor of an attorney in a decree
of divorce is not among the few exceptions to homestead protection rights under
Texas law.  Based upon that reading and
[my family law expert’s] opinion, I believe I had a good faith basis to file
the motion to clarify. . . . It was never Ms. Borbon’s idea to file the motion
to clarify.  She simply presented her
information to me and asked me if anything could be done to take away the lien
on her home and if I thought the attorney fee award could be reversed.  It was my decision to file the motion to
clarify and the bill of review after conferring with my colleagues and
reviewing the Texas Constitution, the Texas Property Code, conferring with Mr. Eckman,
attempting (multiple times) to confer with Rose Cardenas and reviewing the
entire case file maintained by the 247th pertaining to this case.

 

We note that in her bill of review,
Borbon asserted that, at the time of the divorce proceedings, Rodriguez was a “convicted
felon who was released on parole under very strict terms from a life sentence,”
he was “a convicted rapist and robber,” “[Borbon] was prepared to prove that
[Rodriguez] committed adultery with prostitutes during their marriage[,] and
[Rodriguez] committed parole violations such as working in a bar.”  Borbon further asserted that she had, but had
been unable to assert due to “fraud, accident, wrongful act of an opponent, or
official mistake,” a “meritorious defense to the attorney fee award [to
Rodriguez in the Final Decree of Divorce],” which had no basis in “good cause” because
it was [Rodriguez’s] fault that the parties divorced” and “the amount of
attorney’s fees [was] excessive” and she had a “meritorious defense to the lien
and waiver of homestead right.”

In granting Rodriguez’s motion, the
trial court made no findings of fact or conclusions of law, but, in its order,
the trial court found that Borbon and Peniche had violated Texas Rule of Civil
Procedure 13 and Texas Civil Practice and Remedies Code sections 10.001 and
9.012 by filing a “groundless and frivolous” motion that “sought relief that
was not legally available to [Borbon]” and Borbon, by rejecting Eckman’s
settlement offer, “manifest[ed] a clear intent to harass [Rodriguez].”

An appellant must attack all
independent bases or grounds that support a complained-of ruling or judgment.  Britton
v. Tex. Dep’t. of Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  Because Chapter
10 of the Texas Civil Practice and Remedies Code allows the imposition of
sanctions if a trial court makes a finding that a party has brought a motion
for the purpose of harassment and Borbon does not challenge the trial court’s
finding that she had filed her motion for the purpose of harassing Rodriguez,
we are compelled to sustain the trial court’s order as against Borbon.  See id.  Moreover, the record is clear that Borbon
could have avoided further litigation by accepting Eckman’s offer to settle the
motion to modify and the bill of review by removing the objectionable language
from the decree.  Accordingly, we hold
that the trial court did not err in awarding sanctions against Borbon.

The trial court made no finding that
Peniche manifested an intent to harass Rodriguez.  Therefore, the trial court’s sanction cannot
be sustained as to Peniche under rule 13, which requires a finding that a pleading
is groundless and made for the
purpose of harassment.  To sustain the
trial court’s order, we must determine whether the evidence supports an implied
finding that Peniche filed the motion to clarify with claims that were not
warranted by either existing law or by a nonfrivolous argument for a change in
the law or factual allegations that had no or were unlikely to have evidentiary
support after further investigation.  See Tex.
Civ. Prac. & Rem. Code § 10.001(2), (3).[4]  

In his affidavit, Peniche testified
that he did perform some inquiry regarding the legal bases for a motion to
clarify, which he was advised was an “appropriate” method to address Borbon’s
complaints that the homestead waiver provision within the decree was
unconstitutional and should be stricken. 
However, during his inquiry, Peniche was also advised that “the time for
appeal had passed” and a “bill of review would be needed if more relief than
would be sought via the motion to clarify were to be pursued.”  After receiving this counsel, Borbon sought an
order limiting the enforcement of the
decree, not clarifying or enforcing the decree. 
A reasonable review of the law regarding motions to clarify would have
revealed to Peniche that the Family Code provides no authority for trial courts
to issue orders inconsistent with their prior decrees.  Young,
810 S.W.2d at 851.  Here, the trial court
noted this fact in its finding that Peniche “sought relief that was not legally
available to [Borbon].”  

On appeal, Peniche and Borbon assert
that the requested relief would not have resulted in a substantive change to
the property division in the Final Decree of Divorce, which is the purpose of
Family Code limitations on continuing trial court jurisdiction.  See Tex. Fam. Code Ann. §§ 9.006–.007
(court may not enter orders that alter or change “substantive division of
property” in final decree of divorce).  However,
though the final decree contains a provision that violates the Texas
Constitution, Peniche cites no authority that a motion to clarify can arguably
be used to strike such a provision from a final decree.  Cf. Laub v. Pesikoff, 979 S.W.2d 686, 693–94 (Tex. App.—Houston [1st
Dist.] 1998, pet. denied) (stating that claims, though clearly barred, were not
frivolous when appellant cited some authority in support of argument).  In fact, the authorities show that an appeal
or a bill of review is the proper avenue for such relief.  See
Shanks, 110 S.W.3d at 447; Brown,
236 S.W.3d at 347; King Ranch, Inc.,
118 S.W.3d at 751; In re C.A.K., 155
S.W.3d at 562.  Because the Family Code
prohibited the trial court from entering an order that was inconsistent with
its prior decree, the motion to clarify had no arguable basis in law and was
not “a nonfrivolous argument for the extension, modification, or reversal of
existing law or the establishment of new law.” 
See Tex. Civ. Prac. & Rem. Code Ann. § 10.001(2); Garner, 300 S.W.3d at 766; Scott, 209 S.W.3d at 266; Alpert, 178 S.W.3d at 411–12; Jones, 78 S.W.3d at 628.  Accordingly, we hold that the trial court did
not err in awarding sanctions against Peniche.

We overrule Borbon and Peniche’s second
issue.

Conclusion

          We
affirm the orders of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel consists of Justices Jennings, Alcala,
and Massengale.











[1]           See Tex. Const. art. XVI, §
50; Tex. Prop. Code Ann. §
41.001(b) (Vernon Supp. 2009) (stating “owelty of partition” may be imposed
against homestead for “debt of one spouse in favor of the other spouse
resulting from a division or an award of a family homestead in a divorce
proceeding”).  





[2]           See
also Evans v. Evans,
01-97-00381-CV, 1999 WL 164463, at *2 (Tex. App.—Houston [1st Dist.] Mar. 25,
1999, no pet.) (citing Young v. Young, 810 S.W.2d 850, 851 (Tex. App.—Dallas 1991,
writ denied)). 





[3]           See
Laster v. First Huntsville Props. Co.,
826 S.W.2d 125, 130 (Tex. 1991) (“A . . . lien that is void
because it was illegally levied against homestead property can never have any
effect . . . .”); see also Johnson v.
Johnson, No. 03-02-00427-CV, 2005
WL 3440773, at * 6 (Tex. App.—Austin Dec. 16, 2005, no pet.) (mem. op.) (in
divorce proceeding involving children, the court stated, “A lien granted to a
third-party creditor seeking payment for attorney’s fees pursuant to section
106.002 of the family code does not qualify as an encumbrance that is properly
fixed on a homestead pursuant to the property code or otherwise authorized by
the Texas constitution” and held that trial court erred in awarding such lien
against husband’s homestead).





[4]           We note that Chapter 9 of the Texas
Civil Practices and Remedies Code does not apply to this case because the
relief the trial court awarded to Rodriguez was “attorney’s fees, expenses, and
costs in defending [Borbon’s motion to clarify],” which is the type of relief
available under rule 13 and Texas Civil Practice and Remedies Code sections
10.001 and 10.004.  See Tex.
Civ. Prac. & Rem. Code Ann.
§ 9.012(h) (Vernon 2002) (“This section does not apply to any proceeding to
which Section 10.004 or Rule 13, Texas Rules of Civil Procedure, applies.”); Low v. Henry, 221 S.W.3d 609, 614 (Tex.
2007) (stating that Chapter 9 of Civil Practices and Remedies Code is not
applicable where trial court awarded penalties available under Chapter 10 of
Texas Civil Practices and Remedies Code).