Grace Virginia HIGGINS, Appellant

v.

Edwin Dean HIGGINS, Appellee

No. 04–16–00178–CV

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: January 25, 2017

M. Patrick Maguire, for Grace Virginia Higgins.

Glenn J. Deadman, for Edwin Dean Higgins.

Sitting: Sandee Bryan Marion, Chief Justice, Rebeca C. Martinez, Justice, Luz Elena D. Chapa, Justice

## MEMORANDUM OPINION

Sandee Bryan Marion, Chief Justice

This is an appeal from the trial court's granting of appellee's motion for summary judgment on all of appellant's claims and a judgment granting appellee's motion to enforce. We reverse a portion of the trial court's judgment imposing an equitable lien for attorney's fees and affirm in all other respects.

## BACKGROUND

Virginia Higgins and Edwin Dean Higgins were divorced by an agreed divorce decree signed by the trial court on December 20, 2011. The decree awarded Virginia various assets including the family homestead consisting of approximately 50.63 acres of land in Kerr County and property and a business known as the Kerr Villa Kountry Store. Virginia assumed all debts associated with the 50.63 acres and the Kerr Villa Kountry Store. The decree awarded Edwin various assets including the following:

> The sum of $690,000.00 cash payable [by Virginia to Edwin] on or before 90 days after the entry of the Final Decree of Divorce (which shall be entered in the month of September 2011). The payment

of this sum is to be secured by a lien on the 50.63 acres of land awarded to [Virginia] and by a lien on the business and real property known as the Kerr Villa Kountry Store, which shall be subordinate only to a lien to be placed on said property to obtain the $690,000.00 payoff to [Edwin].

Because the trial court awarded the family homestead to Virginia, the decree contained the following:

It is ordered and decreed that an encumbrance for owelty of partition is imposed against the entirety of the homestead property described as follows: Legal Description.

The purpose of the encumbrance is to secure the payment of the debt of [Virginia] in favor of [Edwin] of six hundred ninety thousand dollars ($690,000.00), resulting from the award of the homestead in this divorce proceeding. The debt shall bear interest at 0 percent per year and shall be payable as follows: This debt shall be payable in full within ninety (90) days from the date the Court enters this Final Decree of Divorce.

To further evidence the debt, [Virginia] is ORDERED to sign a note payable to [Edwin] in the amount of the debt specified above and payable according to the terms specified above. [Virginia] is FURTHER ORDERED to sign a deed of trust to secure payment of the debt resulting from the owelty of partition.

This debt is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

Virginia executed a Real Estate Lien Note in the amount of $690,000 and a Deed of Trust to Secure Owelty of Partition on each property, which reflected the terms of the divorce decree. The deeds of trust allowed Edwin to foreclose on the 50.63 acres or the Kerr Villa Kountry Store if Virginia defaulted on the note.

No appeal from the decree was taken, and the decree became final.

After the decree was entered, Virginia unsuccessfully attempted to secure a loan to pay Edwin the $690,000. Because Virginia could not pay Edwin the $690,000, Edwin enforced his rights pursuant to the deed of trust and foreclosed on the 50.63 acres. At the foreclosure sale, Edwin bid on and was awarded the 50.63–acre tract. Although originally Virginia's obligation under the divorce decree, after Edwin purchased the 50.63–acre tract at foreclosure, he was then required to pay Security State Bank & Trust the $48,666.57 balance due on the loan secured by the property. The Kerr Villa Kountry Store was sold for $200,000 to a third party and Edwin received this money.

Edwin then filed a Motion to Enforce and for Contempt. In the motion, Edwin asked the trial court to enforce the property division contained in the divorce decree pursuant to Texas Family Code Chapter 9, and to find Virginia in contempt for not paying the debt associated with the 50.63–acre tract and not paying the debt owed to the IRS for past-due taxes on the Kerr Villa Kountry Store. Virginia answered the motion and filed a petition, in which she alleged Edwin was entitled to receive $690,000, but following the foreclosure he received $200,000 in cash and approximately $800,000 in real estate (the 50.63 acres).[1] Virginia asked for a declaratory judgment

---

1. In her petition, Virginia alleged the 50.63–acre tract had a fair market value of approximately $800,000.

that she was entitled to any additional equity in the 50.63 acres acquired by Edwin in excess of $490,000 [2] and an equitable lien and owelty lien on the real property to the extent the equity exceeded $490,000. Virginia also asked for a constructive trust and an equitable lien on all equity held by Edwin in excess of $690,000. Finally, Virginia alleged Edwin was unjustly enriched, she asked the trial court to render further orders to enforce the property division, and she alleged a cause of action for wrongful foreclosure.

Edwin moved for summary judgment on all of Virginia's claims. The trial court rendered summary judgment on Virginia's wrongful foreclosure and constructive trust claims, but denied Edwin's motion for summary judgment on all other claims. Edwin then filed a second motion for summary judgment on the remaining claims. The trial court granted this motion, which left only Edwin's motion to enforce and for contempt pending. Following a bench trial, at which the only two witnesses were Virginia and Edwin, the trial court rendered judgment in favor of Edwin. Virginia now appeals both the summary judgment on her claims and the final judgment on Edwin's motion to enforce.

## ATTORNEY'S FEES

In its final judgment, the trial court awarded Edwin $15,926.08 in attorney's fees. On appeal, Virginia asserts the trial court erred because Edwin did not segregate the fees attributable to his motion to enforce. Virginia contends the claims she brought in her petition were distinct from the claims Edwin brought in his motion to enforce. According to Virginia, Edwin argued in his motion for summary judgment that all of her claims arose from Family Code chapter 9. But, Virginia asserts her

declaratory judgment claim arose under Civil Practice and Remedies Code chapter 37, and the remainder of her claims (with the exception of her request for enforcement of the property division) were all equitable or tort claims. On appeal, Virginia does not specifically state how Edwin should have segregated his claims, but we interpret her argument as stating Edwin's attorney's fees attributable to his motion to enforce under Family Code chapter 9 should be segregated from his fees attributable to defending against her declaratory judgment, equitable, and tort claims.

■ A trial court may award reasonable attorney's fees in a chapter 9 proceeding. TEX. FAM. CODE ANN. § 9.014 (West Supp. 2016). "Texas law [does] not allow[ ] for recovery of attorney's fees unless authorized by statute or contract." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). "As a result, [attorney's] fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Id.* at 311. The need to segregate fees is a question of law. *Id.* at 312.

■ Edwin's second motion for summary judgment was premised on his argument that the divorce decree was not ambiguous, he complied with the terms of the divorce decree, and Virginia's claims were, in reality, a request for the trial court to re-divide the community estate. In his motion to enforce and for contempt, Edwin asked the trial court to enforce the divorce decree's property division and find Virginia in contempt for not paying the debt associated with the 50.63–acre tract and not paying the IRS debt. In its final judgment, the trial court stated: "All parties stipulated that all prior actions brought by

**2.** Virginia calculated the $490,000 by subtracting the $200,000 in cash received by Edwin from the $690,000 debt she owed to Edwin.

[Virginia] were pursuant to Chapter 9 of the Texas Family Code. The current actions brought by [Edwin] are pursuant to Chapter 9 of the Texas Family Code." The court also found that "pursuant to Texas Family Code 9.007, it [could not] enter an Order which amends, modifies, alters or changes that actual substantive division of property made or approved in a Final Decree."

Although Virginia disagrees with the trial court's finding that the parties stipulated that all of her claims were brought under Family Code chapter 9, the essence of all of Virginia's claims is Edwin was only entitled to $690,000, and she was entitled to any amount in excess of the $690,000 Edwin may have received upon foreclosure of the properties awarded to her in the divorce. The trial court apparently interpreted Virginia's claims as a request to amend, modify, alter, or change the actual substantive division of property made or approved in the parties' divorce decree, and it declined to do so.

We conclude Edwin was not required to segregate his attorney's fees because the trial court did not err in finding that all claims—brought by both parties—arose under Family Code chapter 9.

## EDWIN'S ENTITLEMENT TO SUMMARY JUDGMENT

In several issues on appeal, Virginia asserts the trial court erred in rendering summary judgment in favor of Edwin on her claims for declaratory relief, imposition of a constructive trust, unjust enrichment, and enforcement of the property division.[3]

### A. Standard of Review

We review a summary judgment de novo. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider all the evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, and determine whether the movant proved there were no genuine issues of material fact and it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); Tex. R. Civ. P. 166a(c).

■ When, as here, the trial court does not state the grounds on which it rendered summary judgment, we will affirm if any of the theories advanced by the summary judgment movant are meritorious. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013).

### B. Declaratory Relief & Request for Enforcement of Division of Property

"A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2015). In her petition, Virginia requested a declaratory judgment that

A. Virginia Higgins is entitled to any additional equity in the real property awarded to Ed Higgins above the

---

3. In her response to Edwin's second motion for summary judgment, Virginia stated she abandoned her wrongful foreclosure claim.

On appeal, Virginia does not challenge the summary judgment on her equitable lien claim.

amount of $490,000. Failure to make such an award will result in an impermissible modification of the property division as set out in the agreed Final Decree of Divorce in violation of the Texas Family Code.

B. Virginia Higgins is entitled to an equitable lien and owelty lien on the real property awarded to Ed Higgins to the extent said equity exceeds $490,000.

The Texas Family Code permits a trial court to "render further orders to enforce the division of property made or approved in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order [and] specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed." TEX. FAM. CODE § 9.006(a), (b). A clarifying order is only permissible when a court finds that the original form of property division is not specific enough to be enforceable by contempt. *Id.* § 9.008(b). However, if the trial court enters an order that amends, alters or changes the actual, substantive property division made or approved in the divorce decree, the order is beyond the trial court's power and is unenforceable. *Id.* § 9.007(b); *In re W.L.W.*, 370 S.W.3d 799, 803 (Tex. App.–Fort Worth 2012, orig. proceeding); *Everett v. Everett*, 421 S.W.3d 918, 921 (Tex. App.–El Paso 2014, no pet.). In her petition, Virginia asked the trial court to render further orders to enforce the division of property made in the decree to assist in the implementation of or to clarify the prior order including the rendition of a declaratory judgment, imposition of a constructive trust or an equitable lien, and any other orders the court deemed necessary to give effect to and enforce the substantive property division set forth in the decree.

In his second motion for summary judgment, Edwin argued that Family Code section 9.008 sets forth the prerequisites for a clarifying order: the court must first find the decree is not specific enough to be enforced by contempt, and, if the court makes such a finding, then the court may render a clarifying order setting forth the specific terms to enforce compliance with the original division of property. However, Edwin argued that if the decree is specific enough to be enforced by contempt, then a clarifying order/declaratory judgment is inapplicable. Edwin also argued a trial on the merits is not necessary to enter a clarifying order.

On appeal, Virginia asserts that in her request for declaratory relief and for a clarifying order, she sought to "give effect to the property division set forth in the final decree" and to "specify more precisely the manner of effecting the property division." Virginia claims she is not attempting to re-litigate the property division; instead, she is simply attempting to ensure each party receives only what they are entitled to receive under the divorce decree.

 We again note that a clarifying order is permissible only if the court determines the original form of property division is not specific enough to be enforceable by contempt. TEX. FAM. CODE § 9.008(b). We interpret the language of a divorce decree as we do other judgments. *Hagen v. Hagen*, 282 S.W.3d 899, 901–02 (Tex. 2009). We construe the decree as a whole to harmonize and give effect to the entire decree. *Id.* If the decree is unambiguous, we must adhere to the literal language used. *Id.* If the decree is ambiguous, however, the decree is interpreted by reviewing both the decree as a whole and the record. *Id.* Whether a divorce decree is ambiguous is a question of law. *Id.* at 901–02.

■ We acknowledge the divorce decree does not expressly indicate whether Edwin is entitled to any proceeds or equity in excess of $690,000 as a result of any foreclosure sale, nor does the decree indicate what happens if any foreclosure of both properties yields less than $690,000. However, we do not believe the absence of such language means the original form of property division is not specific enough to be enforceable by contempt. The trial court unambiguously awarded a cash sum of $690,000 to Edwin, and 50.63 acres plus the Kerr Villa Kountry Store to Virginia. Under the unambiguous terms of the decree, the $690,000 cash payment to Edwin was secured by a lien on the 50.63 acres and by a lien on the Kerr Villa Kountry Store. The decree also unambiguously provided for the possibility that Virginia would not be able to pay Edwin the $690,000 and, therefore, required Virginia to execute a note and deeds of trust on the property to secure the note, and by giving Edwin the right to foreclose on the property if Virginia defaulted on the note.

We conclude no further orders were necessary "to assist in the implementation of or to clarify the prior order [or] specify more precisely the manner of effecting the property division previously made or approved . . . ." TEX. FAM. CODE § 9.006(a),(b). Because the original form of property division was specific enough to be enforceable by contempt, the trial court did not err when it refused to enter an order that amended, altered, or changed the actual, substantive property division made or approved in the divorce decree. Therefore, the trial court properly rendered summary judgment in Edwin's favor on Virginia's request for declaratory relief and request for enforcement of the property division.

## C. Constructive Trust & Unjust Enrichment

■ In her petition, Virginia asserted she and Edwin had a confidential/fiduciary relationship prior to and apart from the transaction in question, and, upon divorce, the parties agreed Edwin should receive the sum of $690,000. Virginia alleged Edwin received a windfall in excess of that amount and was, thereby, unjustly enriched. Virginia requested a constructive trust be placed on all equity held by Edwin in excess of $690,000.

■ Constructive trusts are remedial in character and have the broad function of redressing wrong or unjust enrichment in keeping with the basic principles of equity and justice. *Castano v. Wells Fargo Bank*, N.A., 82 S.W.3d 40, 43 (Tex. App.–San Antonio 2002, no pet.). A party seeking to impose a constructive trust must establish (1) breach of a special trust or fiduciary relationship or actual or constructive fraud, (2) unjust enrichment of the wrongdoer, and (3) an identifiable res that can be traced back to the original property. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 87 (Tex. 2015). Virginia did not allege fraud on Edwin's part as a basis for a constructive trust. Instead, she alleged a fiduciary relationship existed between her and Edwin, and Edwin was unjustly enriched. In his motion for summary judgment, Edwin asserted no confidential/fiduciary relationship existed because the parties were adversaries, each represented by their own attorney. On appeal, Virginia contends the law permits the inference of a confidential relationship to the extent Edwin holds property in excess of $690,000 that rightfully belongs to her. We disagree with Virginia's argument.

■ Texas law recognizes that a relationship on which a constructive trust can be based may be an informal fiduciary relationship that arises from a moral, social, domestic, or purely personal relationship of trust and confidence. *Thigpen v.*

*Locke*, 363 S.W.2d 247, 253 (Tex. 1962). However, any such fiduciary relationship between Edwin and Virginia terminated when they divorced. *See Solares v. Solares*, 232 S.W.3d 873, 881 (Tex. App.–Dallas 2007, no pet.) (holding, "in a contested divorce where each spouse is independently represented by counsel, the fiduciary relationship terminates"); *In re Marriage of Notash*, 118 S.W.3d 868, 872 (Tex. App.–Texarkana 2003, no pet.) (noting that any fiduciary duty between spouses terminates upon divorce). Thus, we hold that, absent evidence of some other type of fiduciary relationship, Virginia cannot rely upon any post-divorce fiduciary duty on Edwin's part to impose a constructive trust on any equity held by him in excess of $690,000. Therefore, the trial court properly rendered summary judgment in Edwin's favor on Virginia's request for a constructive trust and on her unjust enrichment claim.

## EQUITABLE LIEN ON VIRGINIA'S REAL AND PERSONAL PROPERTY

In its final judgment on Edwin's motion to enforce, the trial court found that Virginia owed Edwin $48,916.57, plus pre-judgment interest, as reimbursement for the amount Edwin paid to Security State Bank and Trust. The court also awarded Edwin $15,926.08 in attorney's fees. The trial court ordered that "until [Virginia] pays to [Edwin] the sums stated, he shall have [an] equitable lien on all real and personal property of [Virginia]." In her final issue on appeal, Virginia asserts the trial court erred by imposing the lien on all of her property.

■■■ When dividing marital property upon divorce, and absent a reimbursement interest to the community, trial courts may not impose liens on a spouse's separate property for the general purpose of securing a just and right division of

marital property. *Heggen v. Pemelton*, 836 S.W.2d 145, 146 (Tex. 1992). However, trial courts may impose equitable liens on one spouse's separate property as a means for securing the discharge of payments owed by one spouse to the other. *Id.*; *see also Karigan v. Karigan*, 239 S.W.3d 436, 439 (Tex. App.–Dallas 2007, no pet.); *Magallanez v. Magallanez*, 911 S.W.2d 91, 94 (Tex. App.–El Paso 1995, no writ); *Mullins v. Mullins*, 785 S.W.2d 5, 11–12 (Tex. App.–Fort Worth 1990, no writ) (reviewing case law on trial court's power to impose equitable liens on separate property and holding trial court did not err by securing wife's money judgments against husband with a note and "Deed of Trust Lien on every item of [husband's] separate property"); *Day v. Day*, 610 S.W.2d 195, 198 (Tex. Civ. App.–Tyler 1980, writ ref'd n.r.e.) (reviewing development of practice of imposing equitable liens on separate property to ensure compliance with court-ordered division of property).

■■■ In this case, trial court found Edwin had to pay Security State Bank and Trust the sum of $48,916.57, which was a debt awarded to Virginia under the following terms of the divorce decree:

> It is ordered and decreed that [Virginia] shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold [Edwin] and his property harmless from any failure to so discharge, these items … W–3. The debt on the 50.63 acres tract of land owed to Security State Bank and Trust.

Under the terms of the divorce decree the debt owed to Security State Bank and Trust was Virginia's obligation and she agreed to indemnify and hold Edwin and his property harmless from any failure on her part to discharge that obligation. Therefore, Virginia's agreement to indemnify Edwin arose from the trial court's division of the marital estate. Accordingly,

because the money judgment awarded to Edwin was a means of securing the discharge of payments owed by one spouse to the other under the terms of the divorce decree, the trial court did not err by imposing an equitable lien against Virginia's property to ensure her payment to Edwin the sum of $48,916.57 plus pre-judgment interest. *See Heggen*, 836 S.W.2d at 146 (trial courts may impose equitable liens on one spouse's separate property as a means for securing discharge of payments owed by one spouse to the other).

 However, the $15,926.08 in attorney's fees awarded to Edwin did not arise from the trial court's division of the marital estate,[4] but arose from an independent post-divorce cause of action brought by Edwin against Virginia pursuant to Chapter 9 of the Family Code. *See Coleman v. Coleman*, 20 S.W.2d 813, 814 (Tex. Civ. App.–Eastland 1929, no writ) (in suit for divorce and partition of property joined with separate cause of action on $2,000 promissory note, trial court erred in imposing lien on automobile awarded husband in divorce because "the $2,000 adjudged to [wife] was not by way of partition of the community property, but was an independent cause of action. It had no relation whatever to the automobile, and, whether the automobile was community property of the [parties] or the separate property of the [husband], we know of no rule of law that would make it chargeable, under the circumstances, with an equitable lien to secure payment of the judgment in so far as it awarded recovery on the note."). Therefore, we hold the trial court erred by placing an equitable lien on Virginia's property in order to ensure her payment to Edwin the sum of $15,926.08 in attorney's fees.

## CONCLUSION

We affirm the summary judgment rendered on Virginia's claims in favor of Edwin. We reverse that portion of the trial court's "Judgment-Edwin Dean Higgins' Motion to Enforce and For Contempt" imposing an equitable lien against all of Virginia's real and personal property until she pays Edwin attorney's fees in the amount of $15,926.08. The judgment is affirmed in all other respects.

4. In the divorce decree, each party was responsible for his or her own attorney's fees.