

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00389-CV

**IN THE INTEREST OF A.N.I.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI24031
Honorable Tina Torres, Judge Presiding

Opinion by:      Adrian A. Spears II, Justice

Sitting:         Lori I. Valenzuela, Justice
                 Adrian A. Spears II, Justice
                 Velia J. Meza, Justice

Delivered and Filed: August 13, 2025

REVERSED AND REMANDED IN PART, AFFIRMED IN PART

This is an appeal from purported clarification orders arising from an enforcement action in a suit affecting the parent-child relationship. We reverse and remand in part, and affirm in part.

### BACKGROUND

Richard Nelson Ingraham and Gypsy A. Wright are the parents of nine-year-old A.N.I. On October 13, 2023, the trial court signed a final judgment that (1) appointed Richard and Gypsy as the child's joint managing conservators, (2) awarded Richard the exclusive right to designate the child's primary residence, (3) established visitation for Gypsy along with procedures for the pick up and return of the child, (4) specified terms for the parents to communicate electronically with the child when he was not in their possession, and (6) ordered Gypsy to pay Richard child support.

On January 23, 2024, Richard filed a motion to enforce the final order, alleging Gypsy violated the order by: (1) failing to pay monthly child support on eight occasions; (2) failing to be physically present at the designated exchange location on three occasions; and (3) denying Richard his right to have electronic communications with the child on six occasions. On March 19, 2024, the trial court held a hearing on the motion to enforce. During the hearing, Richard sought clarification of some of the provisions in the prior judgment. As to the enforcement motion, only two witnesses—Gypsy and Richard's counsel—testified. In her testimony, Gypsy acknowledged she had not made every monthly child support payment as ordered, but she also asserted her financial circumstances precluded her from making all payments as they came due. Gypsy also testified about her decision to change the platform the parties used for electronic communications with the child. In his testimony, Richard's counsel testified about his attorney's fees in the case. At the end of the hearing, Richard asked the trial court to hold Gypsy in contempt for failing to pay child support.

On May 6, 2024, the trial court signed an order that (1) denied Richard's motion to enforce and his request for attorney's fees, and (2) purportedly clarified some of the provisions in the prior final judgment. Richard appealed.[1]

## APPLICABLE LAW

Chapter 157 of the Texas Family Code governs enforcement actions in suits affecting the parent-child relationship. A trial court is authorized to clarify a previous judgment in an enforcement action "if the court finds, on the motion of a party or on the court's own motion, that

---

[1] "A contempt order is not reviewable by appeal." *In re E.H.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no pet.). Nevertheless, rulings on issues unrelated to a contempt finding may be reviewed in a direct appeal. *See id.* (concluding appellate court had jurisdiction to review arrearage judgment). The issues raised in this appeal do not involve contempt findings and, therefore, we have jurisdiction to review them on direct appeal. *See id.*

the order is not specific enough to be enforced by contempt." TEX. FAM. CODE § 157.421(a). "The only basis for clarifying a prior decree is when a provision is ambiguous and non-specific." *Lundy v. Lundy*, 973 S.W.2d 687, 688 (Tex. App.—Tyler 1998, pet. denied). Additionally, the trial "court may not change the substantive provisions of an order to be clarified." TEX. FAM. CODE § 157.423(a). "A substantive change made by a clarification order is not enforceable." *Id*. § 157.423(b). We review a trial court's clarification rulings in a suit affecting the parent-child relationship under an abuse-of-discretion standard. *See In re E.H.G.*, 2009 WL 1406246, at *6.

DISCUSSION

On appeal, Richard argues the trial court abused its discretion because: (1) it failed to make a finding that the altered provisions were ambiguous; (2) the altered provisions were not ambiguous and, therefore, they could not be clarified in an enforcement proceeding; and (3) the altered provisions impermissibly modify the prior judgment. Richard also argues the trial court abused its discretion by denying his request for attorney's fees.

### 1. *Provisions Requiring Conservators to be "Physically Present" at "Exchanges"*

Richard argues the trial court abused its discretion by altering the provisions in the prior judgment requiring Richard and Gypsy to be "physically present at all exchanges." The prior judgment stated:

> It is ORDERED that RICHARD [] and GYPSY [] must be physically present at all exchanges. IT IS FURTHER ORDERED that the exchange will be forfeited if RICHARD [] or GYPSY [] are not physically present at the time of the exchange for their designated visitation.

The prior judgment also stated:

> Except as otherwise expressly provided in this Order, the following general terms and conditions of possession of a child apply without regard to the distance between the residence of a parent and the child:

(a) Surrender of Child by RICHARD []. RICHARD [] shall surrender the child to GYPSY [] at the beginning of each period of possession of GYPSY['S] [] possession at the Walmart located at 2406 N. Main, Belton, Texas 76513.[2]

(b) Surrender of Child by GYPSY []. At the end of each period of GYPSY['S] [] possession, GYPSY [] shall surrender the child to RICHARD [] at the residence of 2406 N. Main, Belton, Texas 76513.

….

(d) Designation of Competent Adult. Either conservator may designate a competent adult to pick up and return the child, as applicable. A conservator or a designated competent adult shall be present when the child is picked up or returned.

The order challenged on appeal, the May 6, 2024 order, states that the prior judgment is clarified as follows:

IT IS ORDERED that either RICHARD [] or GYPSY [] may designate a competent adult for exchanges of the child, if and when the other parent is unable to personally be present for an exchange of the child (i.e., grandparents). At any and all exchanges, all adults shall remain in their respective vehicles as the child walks to the other's vehicle unless it is unsafe for the child to walk on his own from one vehicle to another. Any and all adults present at exchanges are ordered to refrain from engaging in harassing or threatening behavior toward one another during exchanges of the child.

On appeal, Richard argues the trial court abused its discretion by failing to make an express finding that the physical presence requirement in the prior judgment was ambiguous and not specific enough to be enforced by contempt. Richard further argues that by altering the prior judgment to permit him and Gypsy to designate a competent adult to replace them during exchanges of the child, the trial court made an impermissible substantive modification to the prior judgment.

The invited error doctrine bars a party from complaining on appeal about a specific action he requested from the trial court. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005);

---

[2]The record showed Richard and the child live in San Antonio, Texas, and Gypsy lives near Dallas, Texas.

*Ne. Tex. Motor Lines, Inc. v. Hodges*, 158 S.W.2d 487, 488 (Tex. [Comm'n Op.] 1942) ("It is an elementary principle supported by many authorities that a litigant cannot ask something of a court and then complain that the court committed error in giving it to him."). At the hearing, Richard indicated that the physical presence and exchange provisions of the prior judgment were not specific enough to be enforced by contempt and he asked the trial court to clarify them.[3] Thus, Richard invited any error related to the provisions' ambiguity and the trial court's authority to clarify them. *See In re R.H.B.*, 660 S.W.3d 136, 154 (Tex. App.—San Antonio 2022, no pet.) (appeal & orig proceeding [mand. denied]) (declining to consider appellant's contention on appeal that trial court lacked the authority to clarify provisions when he argued in the trial court that the provisions were "not specific enough to hold [him] in contempt"); *In re C.G.*, No. 02-20-00087-CV, 2020 WL 4518590, at *3 (Tex. App.—Fort Worth Aug. 6, 2020, pet. denied) (concluding appellant invited error by encouraging the trial court to take specific action and then faulting it for taking such action).

But even if these complaints were not barred by the invited error doctrine, we conclude that the provisions in question were non-specific and ambiguous. "[F]or a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *In re J.J.R.S.*, 627 S.W.3d 211, 223 (Tex. 2021) (quoting *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967)). "[T]o be enforceable by contempt, the order must clearly, specifically, and unambiguously state the conduct required for compliance." *In re Luther*, 620 S.W.3d 715, 722 (Tex. 2021). "The order's interpretation may 'not rest upon implication or

---

[3]When the trial court began reviewing the physical presence and exchange provisions, Richard's counsel stated: "Again, this is somewhat of a clarifying issue . . . ." Later, the trial court asked Richard's counsel, "So you want clarification on . . . her not being present at the exchanges?" Richard replied, "Yes." Richard's counsel did not correct Richard's statement.

conjecture.'" *In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (quoting *Slavin*, 412 S.W.2d at 44.) "If the order's interpretation requires inferences or conclusions about which reasonable persons might differ, it cannot support a contempt judgment." *Id*. We interpret the language in a judgment in a family law case as we do other judgments. *See Higgins v. Higgins*, 514 S.W.3d 382, 388 (Tex. App.—San Antonio 2017, pet. denied). We construe the judgment as a whole to harmonize and give effect to the entire judgment. *Id*. Whether a provision in a judgment in a family law case is ambiguous is a question of law. *Id*.

Here, the physical presence and exchange provisions in the prior judgment stated: "It is ORDERED that RICHARD [] and GYPSY [] must be physically present at all exchanges. IT IS FURTHER ORDERED that the exchange will be forfeited if RICHARD [] or GYPSY [] are not physically present at the time of the exchange for their designated visitation." At the hearing, Gypsy stated these provisions "had nothing to do with dropoff. Like me giving the child back to [Richard]." She added: "[T]he specific language used was for the forfeit of pickup." On the other hand, Richard asserted that the language in question applied to all exchanges—both pick up and drop off—of the child. Richard further claimed the physical presence provisions were in the prior judgment because he did "not want to deal with [Gypsy's] parents. I should be dealing with the mother of the child, not her parents."

After considering the parties' arguments at the hearing and reviewing the prior judgment as a whole, we conclude that with regard to Gypsy's physical presence at the exchanges of the child, the prior judgment failed to "spell out the details of compliance in clear, specific and unambiguous terms so that [Gypsy] will readily know exactly what duties or obligations are imposed upon [her]." *See In re J.J.R.S.*, 627 S.W.3d at 223; *In re Luther*, 620 S.W.3d at 722. Accordingly, we conclude the provisions in question were ambiguous and non-specific and could

not be enforced by contempt. *See In re J.J.R.S.*, 627 S.W.3d at 223; *In re Luther*, 620 S.W.3d at 722. Because the provisions in question were not clear, specific, and unambiguous and could not be enforced by contempt, the trial court was authorized to clarify them. *See* TEX. FAM. CODE § 157.421(a) ("[A] court may clarify an order rendered by the court in a proceeding under [Chapter 157] if the court finds, on the motion of a party or on the court's own motion, that the order is not specific enough to be enforced by contempt.").

Richard also argues the trial court abused its discretion because the alterations it made to these provisions constituted impermissible substantive modifications to the prior judgment. However, a party cannot raise a complaint for the first time on appeal; instead, the record must show that the party raised his complaint in the trial court and that the trial court ruled on the complaint. *See* TEX. R. APP. P. 33.1(a); *Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). Here, the record shows that the trial court did not inform the parties of its ruling on the physical presence and exchange provisions until after the hearing. It also shows that Richard's counsel prepared the May 6, 2024 order, which was signed by the trial court at a motion to enter order hearing. But nothing in the record before us shows that Richard complained to the trial court that its alterations to the physical presence and exchange provisions were impermissible substantive modifications to the prior judgment. Because Richard makes this complaint for the first time on appeal, it is not preserved for appellate review. *See Ihnfeldt v. Reagan*, No. 02-14-00220-CV, 2016 WL 7010922, at *10 (Tex. App.—Fort Worth Dec. 1, 2016, pet. denied) (holding appellants waived complaint asserting that declaratory judgment was an improper form of relief when they did not raise the complaint in the trial court); *Ortiz v. Collins*, 203 S.W.3d 414, 427 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding appellate complaint was waived when

the record failed to show appellant filed motions for new trial or to modify the judgment or otherwise brought the alleged error in the judgment to the trial court's attention).

### 2. *Frequency of Electronic Communications*

Richard next argues the trial court abused its discretion by altering the provision in the prior judgment entitling him to daily fifteen-minute electronic communications with the child during the child's extended visits with Gypsy. The prior judgment provided, in relevant part:

> Each parent shall have video contact daily during periods longer than a weekend beginning at 8:00 p.m. and ending at 8:15 p.m. During the weekends, the video contact shall be on Saturday.

The trial court's May 6, 2024 order provides:

> On Tuesdays, Thursdays, and Saturdays of each month, the parent who is not in possession of the child shall be entitled to electronic communication with the child between 8:00 p.m. and 8:15 p.m. on each of those specific days.

On appeal, Richard argues that the trial court abused its discretion by reducing the frequency of the electronic communications with the child from daily to Tuesdays, Thursdays, and Saturdays because the frequency of the electronic communications with the child was not ambiguous and, therefore, this part of the provision was not subject to clarification. We agree with Richard's argument. At the hearing, Richard sought clarification regarding the platform the parties would use for electronic communications, but he did not seek clarification of the frequency of the communications. The prior judgment, which plainly provided that the parent not in possession during extended visitation periods was entitled to daily electronic communications, was clear, specific, and unambiguous regarding the frequency of these electronic communications. Accordingly, this part of the prior judgment was not subject to clarification. *See* TEX. FAM. CODE § 157.421(a) (providing only orders not specific enough to be enforced by contempt may be clarified in enforcement proceedings); *Lundy*, 973 S.W.2d at 688 (stating the only basis for

clarifying a prior order is when a provision is ambiguous and non-specific). Furthermore, by altering the frequency of the electronic communications from daily to Tuesdays, Thursdays, and Saturdays the trial court made an impermissible substantive change to the prior judgment.[4] *See* TEX. FAM. CODE § 157.423(a) ("A court may not change the substantive provisions of an order to be clarified under this subchapter."). We, therefore, conclude the trial court abused its discretion by changing the frequency of each parent's electronic communications with the child.

### 3. Failure to Order Attorney's Fees

Richard finally argues the trial court abused its discretion by denying his request for attorney's fees. Section 157.167(a) of the Texas Family Code states: "If the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." TEX. FAM. CODE § 157.167(a).

At the hearing, Gypsy testified that she worked part-time as an independent contractor, and her contracts "fluctuated in cost." Gypsy also testified that she did not make every child support payment because she was unable to pay them as they became due. Gypsy added that her financial situation was so dire that her lights were almost shut off. Gypsy further testified that although she did not pay her child support on time, she did pay a lump sum the month before the hearing meaning she was caught up on her past due child support. The trial court denied Richard's motion for enforcement of child support and his request for attorney's fees.

Here, the trial court did not find that Gypsy failed to make child support payments. To the contrary, it expressly found that Gypsy "was financially unable to pay" child support for each of the months alleged in Richard's motion. "In Texas, inability to pay child support is an affirmative

---

[4]During the hearing, the trial court informed the parties of its electronic communications ruling, and Richard objected to the ruling. Accordingly, this complaint is preserved for appellate review. *See* TEX. R. APP. P. 33.1(a).

defense to the offense of contempt that must be proved by a preponderance of the evidence." *Ex parte Roosth*, 881 S.W.2d 300, 301 (Tex. 1994) (orig. proceeding); *see* TEX. FAM. CODE § 157.008(c) (providing obligor may plead affirmative defense of inability to pay to motion for enforcement of child support); *In re Smith*, 354 S.W.3d 929, 930 (Tex. App.—Dallas 2011, orig. proceeding) (providing obligor must prove an inability to pay defense by a preponderance of the evidence). Because the trial court did not find that Gypsy failed to make child support payments, the trial court did not abuse its discretion by not ordering Gypsy to pay Richard's attorney's fees under section 157.167(a). *See* TEX. FAM. CODE § 157.167(a).

## CONCLUSION

The part of the trial court's order reducing electronic communications with the child from daily to Tuesdays, Thursdays, and Saturdays is reversed, and this case is remanded to the trial court for proceedings consistent with this opinion. The remainder of the trial court's order is affirmed.

Adrian A. Spears II, Justice